IRA LYON et als. v. T. B. LYON.

*Will—Boundary.*

1. Where a devise described the devised land as containing two hundred acres, the area cannot control the boundaries by which the land is also described in the will.

2. In doubtful cases the area may aid in determining the boundaries, but when it is at variance with them, it must be disregarded.

(*Campbell* v. *Branch*, 4 Jones, 313; *Spruill* v. *Davenport*, 1 Jones, 203; cited and approved).

CIVIL ACTION, tried before *Connor, Judge,* at Fall Term, 1886, of GRANVILLE Superior Court.

The following map will explain the controversy:

There was a judgment for the defendant and the plaintiffs appealed.

*Mr. John W. Hayes,* for the plaintiffs.
*Mr. E. C. Smith,* for the defendant.

SMITH, C. J.   John W. Lyon died in December, 1878, having on the 11th day of April preceding, made his will, which has been proved, and contains among others, the following clause :

" *Item.*—I give to my nephew Ira Lyon, and my two nieces, Kate and Loretta Lyon, children of my brother, William M. Lyon, 200 acres of land bounded as follows: Beginning on the top of the hill north of the Hester Branch, in the Fish Dam road, thence with said road to Allen's line, thence down a drain to the Ledge of Rock Creek, and by a chopped line to Duncan's corner, thence with my line to the road, thence with the road to the Ledge of Rock Creek, thence up the road to some point so as for a line running about south through my land to take in my dwelling, to the line of the land that I bought of Jones, thence with the Jones line about west to the beginning, making 200 acres, to them and their heirs."

The present action, commenced on the 27th day of August, 1885, is to recover possession from the defendant of a parcel of land, triangular in form, and bounded by lines which connect the points or corners designated by the letters Z, M and X on the accompanying plat, used on the trial, which the plaintiff alleges is devised to him in the clause quoted.   The answer denies the plaintiff's title, as thus derived, and the parties, waiving a jury, agreed to submit the issues of fact, as well as of law, to the Judge, to be by him tried and determined.

The testator, it was admitted, owned four tracts, represented on the plat, and known as the Hester tract, the Jones

tract, the Booth tract, and the Home tract, whereon he had his residence. Of these, the deed of conveyance of that first mentioned, calls for 573 acres, while in fact it contains 616 acres; the deed for the Home tract, calling for 216 acres, containing 176 acres only, and that the Jones tract consists of 50, and the Booth tract of 106 acres.

It was conceded that the boundary lines of the devised land, beginning at A, and running around on the north to Z, are correctly located, and that this is the terminal point mentioned in the call, " thence with the road to the Ledge of Rock Creek," being the intersection of the road with the creek.

The parties contend—the plaintiff, that the line must thence be projected to the corner of the Jones tract, and thence to M and I, following two of its boundaries; the defendant, that the next line must be projected to the corner at M, and then proceed with his boundary to I. If the latter be the true running, the defendant will not be a trespasser, while if the former be adopted, he will be.

The argument for the plaintiff is, that the line he claims runs nearly a south course, and would enlarge his area to 181 acres, approximating the number mentioned in the will, while the line thence to M, could diverge much more to the west, and reduce his tract to 161 acres.

The argument for the defendant is, that the testator was misled as to the size of the Home tract by the false recital in his deed, which overestimates its area by 40 acres, and that assuming the testator to have been laboring under the impression that the recital of quantity in the deed was true, the direct line from Z to M, would give the devisees land approximating the number of acres mentioned. Moreover, that would more conform to the call, " thence with the Jones line, about west to the beginning," while the other, running after reaching the Jones land, would pass along its boundary, first in a north-westerly, and then a south-westerly

direction, a still greater departure from the description in the will.

It will be noticed, that while assented to as an ascertained corner in the boundary, and so recognized in laying off the tract to the devisees after the testator's death, from which to proceed to the Jones land, the preceding call in the will is entirely ignored.

The line, pursuing the course of the road until it meets the Ledge of Rock Creek, does not stop there, but continues on "*up the road* to some point, so as for a line running almost south through my land to take in my dwelling, to the line of the land I bought of Jones," &c. How far up the road, and at what point to deflect to go to the Jones land, the testator does not state, except that it must not go so far as to interfere with the dwelling which is to be upon the devised part, and we must resort to other means of ascertainment. In the absence of directions and to give effect to the descriptive terms employed, the proper way is to proceed to the point in the road nearest to the Jones land, and then by the most direct and shortest route to it. *Campbell* v. *Branch*, 4 Jones, 313. By following the road after it crosses the creek, the described boundary is pursued, and the indefinite distance is fixed, by the rule which requires the line to deflect at such place on the road, when this and the next call will give a route to the Jones land, and at the nearest point on it, shorter than by any other running. This location also takes in the dwelling as is required. The course of the last line is "about south" and does not depart from the general words of the devise, and is more generally south than from the intersection at the creek. *Spruill* v. *Davenport*, 1 Jones, 203.

The misconception of the testator as to the quantity of the Home tract, induced perhaps by the false recital in the deed, may account for his overestimate of the area of that devised, but it cannot control the boundaries which define

it. The excess or the deficiency in the number of acres supposed to be in the tract, may, in doubtful cases, aid in determining the boundaries, but when at variance with them, must be disregarded as a mistake of the party.

It is unnecessary to pass upon the exceptions to the evidence, since they do not enter into the decision of the case, and are not material. But we do not mean to intimate that there was any error in receiving it, had it been otherwise.

The manner of running the boundaries when the devised land was separated to the devisees, and which are conceded in the present trial to be correct and are not controverted by the defendant, is quite as favorable as they can ask.

There is no error, and the judgment must be affirmed.

No error.                                     Affirmed.