JOHN ELLIS v. A. S. HARRIS.

*Action to Recover Land—Locating Boundaries—Payment of Taxes — Declarations Against Interest — Competent Testimony—Possession—Deed—Quantity Conveyed.*

1. The payment of taxes *ante litem motam* is some evidence to go to a jury upon an issue of title to land.

2. In an action to recover land, declarations made by one in possession as to what he owned being against his interest and the interest of the party offering them in evidence, and previous to the sale by the Sheriff who executed the deed under which the party claims, are competent.

3. So, declarations made by one in possession while engaged in running a survey, being explanatory of his possession and against his interest, are competent.

4. Such testimony is likewise competent to contradict what other witnesses have said relative to the same matter.

5. A deed sets forth the boundaries of land, and the testimony locates them; when the latter is conflicting, the jury must pass upon its weight.

6. The plaintiff must recover on the strength of his own title. It is not necessary that the defendant should show title.

7. When the boundaries of land are established and known, the number of acres called for by the deed is immaterial to determine quantity conveyed; but when the question is one of locating the boundaries, the number of acres may then be considered, in connection with other testimony, to ascertain what is the land covered by the deed.

8. It cannot be contended that an action is for *possession* only, the land having been taken by force, when the pleadings distinctly raise the issue of title.

This was an action for the recovery of land, tried before *Connor, J.,* at April Term, 1889, of FRANKLIN Superior Court.

The facts are stated in the opinion.

*Messrs. F. S. Spruill, J. B. Batchelor* and *Jno. Devereux, Jr.,* for plaintiff.

*Mr. C. M. Cooke,* for defendant.

AVERY, J.: The plaintiff claimed through a deed from Bennett Gay, administrator of James Burgess, to William Crowder, dated January 17th, 1859, and immediately under a deed dated June 5th, 1869, from E. A. Gupton, Sheriff of Franklin County, to the plaintiff, reciting a sale by virtue of executions against Willie Crowder. The defendant insisted that plaintiff's deed did not cover the land in controversy, and as evidence of title in himself, offered the record of a special proceeding and a deed from W. H. Spencer, administrator of J. B. Mann, reciting a sale to make assets, in accordance with a decree in said special proceeding, and also introduced evidence tending to show that the calls of said deed included the land in dispute.

The plaintiff testifies that he was present at the sale of the land of Willie Crowder by the Sheriff, in the year 1869, and bought the land of said Crowder, including the reversionary interest in the portion occupied as dower by the widow of James Burgess, who remained in possession of that portion of the land till her death in the year 1884, when he took and retained possession of it till the defendant entered by force and expelled him, in the year 1884.

On the cross-examination of the plaintiff, the defendant's counsel were permitted·to ask him how many acres of land were conveyed by the deed of the Sheriff, and he answered, 828. He then stated, in response to a question (plaintiff objecting), that he gave in for taxation 1,100 acres of land, after his purchase at Sheriff's sale, and before he sold 172 acres off his tract. The plaintiff excepted. At a subsequent stage of the trial, plaintiff was recalled, and explained that he listed the dower land for taxation first in 1885, the widow having paid tax on it previously, and that he had listed for

taxation in 1871, 922 acres, including 90 acres bought from Spencer, administrator.

It is true that in *Thornburg* v. *Mastin*, 93 N. C.; 258, the Court said: "Any one, supposing he has a claim upon the land of another, may list it and pay the tax upon it, but that would be very slight, if any, evidence tending to establish his title."

In the case of *Ruffin* v. *Overby*, 88 N. C., 369, it had been previously held that paying tax on land, without actual possession, would not perfect a colorable title. But in the case of *Austin* v. *King*, 97 N. C., 339, Justice DAVIS delivering the opinion of the Court, settles the question by laying down the rule that the payment of taxes by a party *ante litem motam* is his act as distinguished from his declaration in reference to the land, and is some evidence to be weighed by the jury in passing upon the issue involving title. This principle disposes of the first, third, seventh and ninth exceptions.

The plaintiff then offered in evidence a deed from N. Patterson to James Burgess, executed in 1845, and a deed from Alfred Burgess to James Burgess, executed in the year 1846, in which the lands conveyed are described by metes and bounds, and as 419 acres on Tar River. The plaintiff also introduced the record of the petition of the widow of James Burgess for dower, showing a decree making an allotment to her by metes and bounds.

W. N. Fuller then testified, on behalf of the plaintiff, that he surveyed the Burgess tract of land and very nearly located it by the deeds, and that he also had the survey made when the dower was allotted. The plaintiff then "proved (as set forth in the statement) that James Burgess owned this land and resided on it from 1845 until his death, and owned no other land in Franklin County, and that Willie Crowder died in 1870–'71, and was plaintiff's brother-in-law." This statement comprehends all of the material

evidence for plaintiff, and, as instruction was asked predicated upon all of the testimony, it is necessary to know what it was.

The land conveyed in the Sheriff's deed to plaintiff (executed 1869) was described therein as "eight hundred and twenty seven acres of land adjoining the lands of J. B. Mann (deceased), Mrs. Jane Wilder, Gaston Wilder and others, containing, by estimation, eight hundred and twenty-seven acres, more or less." The descriptive clause in the administrator's deed to Crowder in 1859 is as follows, to-wit: "All that tract or parcel of land belonging to the estate of James Burgess, deceased, lying on Tar River, adjoining lands of the said Willie Crowder, Dr. Joseph B. Mann and others, and supposed to contain four hundred and nineteen acres, except the life-estate of Lucy Ann Burgess, the widow of James Burgess, in that portion of said land assigned to her as dower, the meaning and intent of this deed being to convey to the said Willie Crowder absolutely the whole of the said land not covered by the widow's dower, to vest in possession immediately, and to convey that portion covered by the widow's dower, to vest in possession at the death of said widow."

The Sheriff (Gupton) testified that he levied on and sold Crowder's land under a description given by him in 1869, and also referred to the tax-list for description; that he sold all of the interest of Crowder in the land described in the deed, but said nothing at the time about dower.

Calvin Benton testified for the defendant that the dower tract did not adjoin the lands of Mrs. Jane Wilder or Gaston Wilder, nor did it join the Mann land till Mann bought the Burgess land.

The defendant offered to prove the declarations of Crowder while in possession of the land conveyed to him by Gray, administrator of Burgess, characterizing his possession, but stated that he did not know whether it was before or after

the sale by the Sheriff; that it was after Mann's death, in 1865 (he thought it was in 1870 or 1871), but that at the time Ellis, the plaintiff, was not living on the land, but was living somewhere else. The Court then admitted the declaration, and the plaintiff excepted.

The witness testified as follows: "Crowder showed me a pine near a hog-pen; I saw the chopped line; he said it ran from a hedge-row in a straight line to the river. The land was worth five or six dollars per acre. I heard plaintiff (Ellis) say that he owned all of the interest Willie Crowder had in the land that he (Crowder) owned. I have lived in that neighborhood forty-five years. I knew Dr. Mann. I helped to lay off the dower. Mann had possession of all the Burgess land, except the dower, from the time of the sale by Gray, the administrator. Dr. Perry had possession of part after Mann's death."

On cross-examination, witness said: "Dr. Mann was not in possession of the widow's dower. I do not mean that Dr. Mann was in possession of all of it. The large part was in possession of Crowder."

It is evident, therefore, that his Honor found that the declarations were made by Crowder, while he was in possession, before the sale by the Sheriff, and when it was against his interest to admit that he held less land than the plaintiff now claims under a deed for all of his interest. So that if it be conceded that, by locating the line as marked, from the hedge-row to the river, and adopting the pine as a corner, it would have been against his (Crowder's) interest to surrender all outside of that line, the testimony was not incompetent. *Headen v. Womack*, 88 N. C., 468; *Jones v. Henry,* 84 N. C., 320; *Clifton v. Fort*, 98 N. C., 173; *Magee v. Blankenship*, 95 N. C., 563.

Badger Stallings, a witness for the defendant, testified as follows: "I know Willie Crowder and knew when the land in controversy was sold. Before the sale I saw Dr. Mann,

Willie Crowder and Joe Bridgers, the surveyor, running the line between Crowder and Dr. Mann's. Crowder then told me he had a straight line to the road. The line ran through the dower."

The foregoing testimony was excepted to also. The declaration was clearly one made by Crowder in explanation of the character and extent of his possession, and being against his interest was unquestionably competent.

The witness was permitted to testify further (plaintiff objecting) as follows: "I heard John Ellis say that he did not claim any of the dower except the nine acres until he and Dr. Harris got to arguing about it, when he found, by his papers, that he had a good title to the whole of it."

When the plaintiff (Ellis) was cross-examined, he said: "When widow Burgess died, I made claim to the land."

He (defendant) was then permitted (his counsel objecting) to ask him as to his declarations, and in response to the question he said: "I did not say that I had no interest in the dower except the ten acres. I did not say so to Mr. Robert Moore, nor to any one."

The testimony objected to on both occasions was competent to contradict Ellis, and to show that, in fact, he did not claim the whole of the dower land.

The exception growing out of the testimony of the witness Wilder is governed by the same principle to which we have adverted in discussing the exception to the evidence of Calvin Benton and of Badger Stallings, and the authorities already cited sustain the Judge in overruling the plaintiff's objection.

It was not error in the Court to refuse to instruct the jury that the plaintiff was entitled to recover upon the whole of the testimony, or any of the different phases of it suggested by the instruction asked by the plaintiff, which was as follows:

1. The deeds shown in evidence show that Willie Crowder was the owner of the Burgess tract of land, including the reversion in the dower after the widow's death, and there is no evidence that any other person had any legal title to any part of said tract of land.

This instruction was not given, and the plaintiff excepted.

2. The jury cannot consider the declarations of Crowder or Ellis as affecting the title of either Crowder or Ellis to said land, and there is no evidence which can be considered by the jury to show that the said Crowder, up to the Sheriff's sale, and Ellis after the Sheriff's sale, did not have the title to said land, including the part in controversy in this action.

This instruction was not given, and the plaintiff excepted.

3. There is no evidence that Dr. Mann ever had any title to any part of the land in controversy, and the deed to the defendant conveys no title to any part of the land in controversy.

This instruction was not given, and the plaintiff excepted.

4. If the jury believe the testimony of the witnesses, they will find the first issue in favor of the plaintiff.

This instruction was not given, and the plaintiff excepted.

5. If the jury believe the evidence of the plaintiff Ellis and the witness Gupton, they will find the first issue in favor of the plaintiff.

This instruction was not given, and the plaintiff excepted.

The deeds set forth the boundaries of land, but it is the testimony that locates them. In this case, the conflict arising out of contradictory evidence as to the extent of the plaintiff's land, whether it included the whole of the dower, or the lines should be so run as to exclude ten acres, covering the land on which the alleged trespass was committed, could be settled only by the jury.

If the declarations of Crowder and Ellis were competent, as we have held they were, then the jury could consider the tes-

106—26

timony as to what they or either said in reference to the location of the line for what they deemed it worth, as tending to show whether the land in controversy was sold by the Sheriff, and was covered by plaintiff's deed from him. The plaintiff could recover only on the strength of his own title, and if the land was not embraced within the boundaries of his deed from the Sheriff, he was not the owner, and, in that event, it was immaterial whether the administrator's deed included the disputed territory or not.

It would have been error in the Court to predicate its instruction upon the supposed truth of the testimony of one or more witnesses of the plaintiff, as asked, when the testimony of Benton, Stallings, Wilder and the defendant, tended to contradict it, and when there was some conflict between the evidence of the plaintiff and Gupton, the witnesses mentioned.

We see no error in the charge of the Court of which the plaintiff can justly complain. A review of the charge will show that it was even more favorable to the plaintiff than was requisite, in restricting the jury to the purposes for which they could consider certain testimony mentioned.

The Court charged the jury as follows:

The plaintiff contends that the deed made by the Sheriff in 1869 conveys the land in controversy, being that part of the Burgess land known as the dower. The defendant denies this averment, and says that the description in the deed does not cover or include the dower. Your verdict will depend upon the view which, upon the whole testimony, you may take of this question. As a matter of law I charge you that all of the interest which Willie Crowder had in the land described in the deed passed to the p'aintiff. It is for you to say what land was sold, and is described in the Sheriff's deed. (Plaintiff excepted to this part of the charge).

The evidence of the declarations of Willie Crowder in regard to the settlement of a lien, etc, is not admitted for

the purpose of showing title, and you should not consider it for that purpose; but it is proper for your consideration as bearing upon the question as to what land the Sheriff sold. The Sheriff swears that he obtained a description of the land for the purpose of making a levy from Willie Crowder; that he also consulted the tax books. The testimony of the witnesses in regard to the possession of the land is admitted for the same purpose. The testimony in regard to the declarations of Ellis, after the death of the widow, is admitted for the same purpose, so the tax-lists, etc. (To this part of the charge plaintiff excepted).

The testimony of the acts, conduct and declarations of Willie Crowder and John Ellis are not admitted for the purpose of affecting the title of Crowder, but to aid you in determining what land was levied upon and sold by the Sheriff. In this same connection you may consider the testimony in regard to the description given by Crowder to Gupton, Sheriff, for the purpose of enabling him to make levy. (This part of the charge was excepted to by the plaintiff).

When the boundaries of a tract of land are established and known, the quantity or number of acres called for by the deed is immaterial, and could not affect the boundaries; but when the boundaries are unknown—not established— and the jury are charged with the duty of locating the land, the number of acres called for may be considered by them, in connection with other testimony, in ascertaining what land is in fact covered by the deed. (The plaintiff excepted to this part of the charge).

Counsel in the argument contended that the plaintiff was entitled to recover because this was an action for possession only, and the plaintiff had testified that defendant expelled him from the land by force, in the year 1884. Upon referring to the record, we find that the pleadings distinctly raise the question of title, and that the Court submitted issues involving the ownership, wrongful possession and damage,

without objection. It is needless to add that the testimony tended, on the one hand, to establish, and on the other, to disprove that the title to the land in controversy was in plaintiff.

Affirmed.