BROWN v. HAMILTON.

(Filed April 12, 1904).

WILLS—*Legacies and Devises—The Code, sec. 2141.*

> Where a testator devised his lands south of a certain line, "containing by estimation two hundred acres," and subsequently he purchased other lands south of the line, the reference to the number of acres did not prevent the latter lands being included in the devise.

ACTION by Thomas Brown and others against H. D. Hamilton and others, heard by *Judge W. R. Allen,* at December Term, 1903, of the Superior Court of RANDOLPH County. From a judgment for the plaintiffs, the defendants appealed.

*Hammer & Spence,* for the plaintiffs
*Oscar L. Sapp,* for the defendants.

CLARK, C. J.    The testator devised to the defendant, his daughter, "all that tract or parcel of land which lies south of the line beginning at the northeast corner of K. L. Winningham's land and running thence east to the Wiley Cox line, containing, by estimation, 200 acres." In his will he divided and devised the rest of his land, marking it out by boundaries in the same way, to his other three children. The will was executed May 14, 1897, at which time the testator owned three contiguous tracts south of said line, aggregating about 250 acres.    On September 9, 1898, the testator acquired 66½ acres more touching in its whole length the said 250 acres and on the south thereof, and died September 25, 1900.    This is a petition by the other children alleging that the testator died intestate as to said 66½ acres and asking that it be sold for partition.

It is provided by The Code, section 2141, that a will

shall speak as of the death of the testator. It is also well
settled that the presumption is against one's dying intestate
as to any part of his estate. Of course these rules are sub-
ject to the stronger rule that the intent of the testator, clearly
expressed, shall govern. But here the will shows an intent
on its face to specifically dispose of all the testator's prop-
erty. The testator knew that he had given by his will all
his land south of a designated line to his daughter, and
when he bought this land south of said line the following
year he also knew that it fell within the devise to his daugh-
ter (the defendant), and if he had wished it to be taken out
of such devise he would have added a codicil. On the con-
trary, though he lived more than two years after the pur-
chase of said land, he made no change in his will. We
attach no importance to the argument that the words used
"all that tract south of said line," for when the 66½ acres
adjoining were bought it became a part of the land south
of the line. The said tract at the date of the will consisted
of three contiguous tracts but were treated as one. Laws
1844, chapter 88, section 3, now The Code, section 2141,
requires that the will shall be construed "to speak and take
effect as if it had been executed immediately before the
death of the testator unless a contrary intent shall appear
by the will," and none here appears. A case very much in
point is *In re Champion,* 45 N. C., 246. *Hines v. Mercer,*
125 N. C., 71, is not in point, for there the subsequently
acquired land did not come within the terms of the specific
devise, and, besides, there was a residuary clause. The refer-
ence to the number of acres (200 acres) cannot control the
boundaries described in the deed. *Lyon v. Lyon,* 96 N. C.,
439. There is no doubtful boundary to render the number
of acres material to be considered, as in *Cox v. Cox,* 91 N. C.,
256.

Error.