WAGONER v. EVANS.

H. WELDON WAGONER v. ANNIE MAE EVANS

(Filed 30 October 1963.)

1. Wills § 56—

Testatrix, owning two tracts of land, devised the smaller by its name to her son, stating that it contained 100 acres, and also devised to him 10 acres to be cut from the larger tract, and devised the "remaining 110 acres" of the named larger tract to her daughter. The smaller tract actually contained 74.5 acres and the larger contained 118 acres. *Held:* The discrepancy in acreage is not controlling and each devisee took the named tract devised to him respectively, subject to the 10 acre adjustment.

2. Boundaries § 2—

The number of acres supposed to be contained in a tract is the least reliable of all descriptive particulars to ascertain boundaries and cannot control boundaries which are otherwise defined.

APPEAL by plaintiff from *Shaw, J.,* November 1962 Civil Session of YADKIN.

Action for a declaratory judgment to construe a will. Plaintiff and defendant, brother and sister, are the sole beneficiaries under the will of their mother, Mary Jane Wagoner who died in 1962. She devised the fee in her realty as follows:

". . . (I)t is my will and desire that my son, H. Weldon Wagoner, and my daughter, Annie Mae Evans, shall have the 220 acres of land now owned by me, and that the same shall be divided as follows: That H. Weldon Wagoner shall have and own in fee simple the 100 acres known as the W. F. Bryant farm, including the home place in which he now lives, and in addition thereto shall have laid off from the J. A. Wagoner tract of land adjoining the Bryant place 10 acres, and it is my will and desire that my daughter, Annie Mae Evans, shall have the remaining 110 acres of the J. A. Wagoner lands, including the home place where I now live. That in order to make myself clear, I desire that each

child shall have 110 acres of land in fee simple, H. Weldon Wagoner to have the old Bryant place, on which he now lives, plus 10 acres to be laid off adjoining the Bryant place, to be taken from the 120 acres known as the J. A. Wagoner land, but that this 10 acres shall not include any buildings, which 10 acres shall adjoin the Bryant place on the East, and that the remaining 110 acres of land, including the home place and all buildings, shall be and belong unto Annie Mae Evans in fee simple, to be hers absolutely to do with as she pleases."

Plaintiff contends that the will gives him a one-half undivided interest in all the lands devised. Defendant contends that plaintiff takes only the Bryant farm, plus ten adjoining acres without buildings, to be laid off from the J. A. Wagoner tract and that she takes the Wagoner place less those ten acres. The parties waived a jury trial. Judge Shaw heard the matter on the pleadings which incorporated the will and, by consent, entered a judgment on January 14, 1963 out of term and out of the district. His judgment construed the will in accordance with defendant's contentions. On January 23, 1963 plaintiff moved the court to find as an additional fact that Mrs. Wagoner died owning a total of 192.5 acres of real property consisting of 74.5 acres known as the W. F. Bryant place and 118 acres referred to in the will as the "J. A. Wagoner land." The judge ruled that all matters in controversy had been determined by the judgment already entered and denied the motion. Plaintiff appealed from the judgment and the denial of his motion.

*Henderson & Yeager for plaintiff appellant.*
*Allen, Henderson & Williams for defendant appellee.*

PER CURIAM. The additional facts which plaintiff requested the court to find appear in the record only in the plaintiff's unverified motion filed nine days after the judgment had been entered. The judge was correct in overruling this motion. However, even if we assume that the Bryant farm contains only 74.5 acres instead of the 100 acres the testator apparently thought it contained, this discrepancy in acreage makes no difference. It is clear from the will that the devisor intended that plaintiff should have the Bryant farm and the designated ten acres from the J. A. Wagoner place. irrespective of the acreage contained in each. These two farms are distinct parcels. Mrs. Wagoner and her husband who predeceased her had owned them a number of years, and she was familiar with each. In her opinion, the Bryant farm plus ten acres made the plaintiff equal with the defendant.

A testator's misconception as to the number of acres in a specifically named tract cannot control the boundaries which define it. "The excess or the deficiency in the number of acres supposed to be in the tract, may, in doubtful cases, aid in determining the boundaries, but when at variance with them must be disregarded as a mistake of the party." *Lyon v. Lyon,* 96 N.C. 439, 2 S.E. 41; *Ellis v. Harris,* 106 N.C. 395, 11 S.E. 248; *Brown v. Hamilton,* 135 N.C. 10, 47 S.E. 128. In *Woods v. Woods,* 55 N.C. 420, it was held that a devise of "the tract of land whereon I now live and reside, containing two hundred and twenty-five acres, more or less" conveyed the testator's homeplace even though it contained between four hundred and five hundred acres. If a tract of land has a name by which it is known to the testator, his devise of the tract by that name will pass the title to it even though he erroneously stated its acreage. "Quantity is the least reliable of all descriptive particulars in a conveyance and is the last to be resorted to." 8 Am. Jur., Boundaries, § 63.

The judgment of the court that plaintiff owns the W. F. Bryant farm plus the specified ten acres from the J. A. Wagoner tract and that defendant owns the J. A. Wagoner tract less the ten acres to be laid off to the plaintiff is

Affirmed.