J. W. DAILEY v. SOUTHERN LIME AND FERTILIZER WORKS
AND DR. JOHN L. PRITCHARD.

(Filed 18 February, 1914.)

**Corporations—Insolvency—Parties Defendant—Demurrer—Interpretation of Statutes.**

For one to be made a proper party defendant under Revisal, sec. 410, in an action to appoint a receiver for an insolvent corporation and administer its assets, he must claim an adverse interest to the plaintiff in the action and necessary to the com-

plete determination or settlement of the questions therein involved; and his demurrer is good to a complaint which alleges that he wrongfully claims that the plaintiff is liable to him for some shares of stock he had sold him upon authority of the corporation, under an agreement to take back the stock and repay the purchase price in the event of dissatisfaction on the defendant's part; for such allegations negative the idea that the defendant has a cause of action either against the plaintiff or the corporation, and states no cause of action against the defendant.

APPEAL by plaintiff from *Bragaw, J.,* at December Term, 1913, of BEAUFORT.

This is an action by the plaintiff, as stockholder and creditor of the defendant fertilizer company, a corporation, for the appointment of a receiver and the collection and distribution of its assets.

The defendant Pritchard was made a party, and the plaintiff alleges as against him:

"(4) That heretofore, on the .... day of January, 1911, the plaintiff having authority from said corporation to sell stock, negotiated the sale of ten shares of stock of par value of $100 to the defendant Pritchard at Windsor, N. C., and at the time of said sale entered into agreement, together with one George T. Hardy, who is now a nonresident of this State and without property in the State, with him, the said Pritchard, that if he, said Pritchard, was dissatisfied with his stock within one year from date thereof they, the plaintiff and Hardy, would take back said stock and reimburse him, said Pritchard, the amount paid therefor, towit, $1,000.

"(5) That said Pritchard made no expression either to the plaintiff, said Hardy, or the defendant corporation of any dissatisfaction with said purchase during the period of one year from said sale, and never made any claim or demand thereon until 26 November, 1913, at which time said defendant Pritchard made demand on this plaintiff for $1,000 and interest thereon, basing his claim upon the agreement aforesaid, and claiming and asserting that this plaintiff at the time of said sale had represented that said stock was to be issued by a certain

corporation known as the Southern Lime Company, and not by the Southern Lime and Fertilizer Works, Inc., which plaintiff denies and hereby alleges to be untrue, and that the sale of said stock in said last named corporation was a fraud on him, the said Pritchard, which he also denies and alleges to be untrue, and said defendant Pritchard is now claiming and demanding against plaintiff payment as aforesaid: which said demand, for the reasons above set out, is wrongful and unlawful, and he is advised and believes, and so alleges, that said Pritchard proposes and intends to attempt to enforce his demand against plaintiff through the courts.

"(6) That the plaintiff was expressly authorized and empowered by the defendant corporation to make the agreement with defendant Pritchard, and made same on behalf of said corporation, and if there be any liability in favor of defendant Pritchard in said agreement, which is denied, the defendant corporation is primarily and solely liable, and not this plaintiff; and if said Pritchard is allowed to attempt to enforce his claim and demand against this plaintiff and not against said corporation, this plaintiff will be irreparably damaged.

"(7) That for the reasons and upon the facts above set out the plaintiff is not indebted to defendant Pritchard, and owes him nothing, and any liability on said stock and the condition of sale thereof exists between said Pritchard and said Southern Lime and Fertilizer Works, Inc."

His Honor dismissed the action as against Pritchard, and the plaintiff excepted and appealed.

*Ward & Grimes for plaintiff.*
*Winston & Matthews for defendant Pritchard.*

ALLEN, J. This action is for the appointment of a receiver of the defendant corporation, to the end that its assets may be collected and administered, and the statute (Revisal, sec. 410) provides that any person may be made a defendant "who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to the complete determination or settlement of the questions involved therein."

Accepting the allegations of the complaint to be true, and applying the test prescribed by the statute, it not only appears that the defendant Pritchard has no interest in the assets of the corporation, but that he claims none, and that the corporation has incurred no liability to him; and it is expressly alleged that his demand against the plaintiff is spurious, and that the plaintiff owes him nothing.

There is therefore no cause of action stated against him, and the complaint negatives the idea that he has a cause of action against the plaintiff.

The principle involved in *Spruill v. Bank,* 163 N. C., 43, is closely related to the one under consideration. In that case the plaintiff brought his action against the bank and its cashier for wrongfully paying a check to one Jackson, who was also made a party defendant, upon the theory that if there was a recovery against the bank it could recover against Jackson.

The plaintiff alleged no cause of action against Jackson, and the bank and Latham denied that they had wrongfully paid the check to him, and it was held that the action was properly dismissed as to Jackson.

We therefore conclude there is no error.

Affirmed.