KATIE ANN LOCKLEAR, ADMINISTRATRIX, v. W. A. SAVAGE ET AL.

(Filed 27 March, 1912.)

1. Title—Adverse Possession—Limitation of Actions—Evidence.

In an action to establish title to lands by adverse possession evidence is sufficient to carry the case to the jury which tends to show actual possession for the statutory period, by a claimant of title in his own right; that he had made such use of the land as it was capable of in its present condition, with acts of ownership so repeated as to show they were done in his character as owner, in opposition to the right or claim of any other person, and not merely as an occasional trespasser.

2. Same.

Plaintiff claiming title to lands by adverse possession introduced evidence tending to show that he had been in actual possession of the *locus in quo* for the statutory period, claiming it as his own, ordering trespassers off of it, cultivating different parts at different times; that he had built two residences thereon at different periods; and that his claim had extended to well-defined boundaries of the whole: *Held,* upon a motion to nonsuit, the evidence was sufficient to take the case to the jury.

3. Appeal and Error—Exceptions Grouped and Numbered—Exception to Nonsuit—Practice.

The rule of this Court that exceptions on appeal be grouped and numbered does not apply when there is but one exception, and that taken to a judgment of nonsuit upon the evidence.

4. Appeal and Error — Record — Evidence, in Narrative—Stenographer's Notes.

   Upon an appeal from a judgment of nonsuit, the substance of the evidence should be set out in narrative form, and it is not permissible to set out the entire evidence by question and answer or to send up a transcript of the stenographer's notes. Because of the peculiar nature of the appeal in this case and the questions presented, *Held,* that there was no sufficient departure from the rule of this Court and the statutory provision to call for an affirmance of the judgment without considering the case on appeal.

BROWN, J., dissenting.

APPEAL from *Whedbee, J.,* at December Term, 1912, of ROBE-
SON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

   *Britt & Britt and McNeill & McNeill for plaintiff.*
   *McLean, Varser & McLean and McIntyre, Lawrence & Proctor for defendant.*

WALKER, J. This is an action to recover damages for a trespass on land in cutting and removing timber therefrom. The plaintiff claims title under John Locklear, being his administratrix. It is not pretended that he had any paper title for the land, or color of title, but to show title in him the plaintiff relied solely upon John Locklear's adverse possession of the land for more than thirty years, under a claim of right, to take the title out of the State and vest it in him, and the real question in the case is whether he had such a possession of the land for a sufficient length of time to produce that result.

What is adverse possession within the meaning of the law has been well settled by our decisions. It consists in actual possession, with an intent to hold solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim of

any other person, and not merely as an occasional trespasser. It must be decided and notorious as the nature of the land will permit, affording unequivocal indication to all persons that he is exercising thereon the dominion of owner. *Loftin v. Cobb,* 46 N. C., 406; *Montgomery v. Wynns,* 20 N. C., 527; *Williams v. Buchanan,* 23 N. C., 535; *Burton v. Carruth,* 18 N. C., 2; *Gilchrist v. McLaughlin,* 29 N. C., 310; *Bynum v. Carter,* 26 N. C., 310; *Simpson v. Blount,* 14 N. C., 34; *Tredwell v. Reddick,* 23 N. C., 56.

So in *Loftin v. Cobb, supra,* it was held that cutting timber and making shingles in a swamp unfit for cultivation, continuously for seven years, is a good possession under the statute. "It is exercising that dominion over the thing and taking that use and profit which it is capable of yielding *in its present state.* It is all that can be done until the subject shall be changed. It is like the case stated in the books of cutting rushes from a marsh. This is sufficient, though it might appear that dykes and banks would make the marsh arable."

Again it was held in *Williams v. Buchanan,* 23 N. C., 535, that, as to a stream not navigable, keeping up fish-traps therein, erecting and repairing dams across it, and using it every year during the entire fishing season for the purpose of catching fish, constitute an unequivocal possession thereof. The possession must, of course, be not only adverse, as we have defined it, but open, notorious, and continuous, and the extent of it must be shown by known and visible boundaries. The doctrine was explained and illustrated in the recent case of *Coxe v. Carpenter,* 157 N. C., 557, in which we said, referring to the evidence in that case: "The jury may well infer that these acts were those of ownership, and not those of an occasional trespasser, and that they were repeated and continuous for a considerable period of time. The possession was as decided and notorious as the nature of the land would permit, and offered unequivocal indication that plaintiff and his father were exercising the dominion of owners, and were not pillaging as trespassers. *Williams v. Buchanan,* 23 N. C., 535 (35 Am. Dec., 760); *Tredwell v. Reddick,* 23 N. C., 56; *Hamilton v. Icard,* 114 N. C., 538 (19 S. E., 607); *Simpson v. Blount,* 14 N. C., 34; *Baum v.*

*Shooting Club,* 96 N. C., 310 (2 S. E., 673). It is true that
in proving continuous adverse possession under color of title
nothing must be left to mere conjecture. The testimony must
tend to prove the continuity of possession for the statutory
period, either in plain terms or by "necessary implication."
*Ruffin v. Overby,* 105 N. C., 83 (11 S. E., 251). This posses-
sion need not be unceasing, but the evidence should be such as
to warrant the inference that the actual use and occupation
have extended over the required period, and that during it the
claimant has, from time to time, continuously subjected the
disputed land to the only use of which it was susceptible.
*Ruffin v. Overby, supra; McLean v. Smith,* 106 N. C., 172 (11
S. E., 184); *Hamilton v. Icard, supra.* While the evidence
offered is not necessarily conclusive, if taken to be true, as to
the fact of possession, we think it is sufficient to be submitted
to the jury, under appropriate instructions, that they may
draw such inference as they see proper, bearing in mind that
the burden of proof is on the plaintiff to establish the fact of
possession for the statutory period by a preponderance in the
proof."

The evidence in this case may not be as strong as it was in
the *Coxe case,* but we are unable to say that there was abso-
lutely none. We are passing upon a judgment of nonsuit, and
it is a familiar principle that the evidence is to be viewed in
the light most favorable to the plaintiff. The facts which the
testimony tended to establish in support of the plaintiff's con-
tention may be thus briefly stated: John Locklear was 80
years old when he died, and had lived on the land nearly all his
life. He first built a hut on it, which was his home so long
as fit for habitation. In 1853 he left this part of the land, the
lower end, and built on the same premises, at a different place
and near the public road, the house in which he lived until
1897, the year of his death. He cleared and cultivated ten or
fifteen acres of the land around his house; boxed the pine
trees on the tract for turpentine; cut wood and cross-ties;
ditched the land and cut paths through it for the purpose of
boxing the trees and cutting the timber. One witness testified:
"I knew the bounds he worked up to and cultivated all of my

lifetime—the lands where John Locklear lived. I can tell you the bounds." He then stated the names of the adjoining proprietors, and also that the land Locklear lived on and used was bounded by Batrix Bay, Mill Swamp, the Fayetteville and Lowrie roads. The turpentine boxes were cut and the trees "worked for turpentine" as far back as thirty-five years ago—about 1876. This suit was commenced 9 April, 1910. There was also evidence that John Locklear had forbidden people to come upon the land for the purpose of boxing the trees, and driven them away on occasions at the point of his gun. There was much testimony of the kind we have stated, and some other facts and circumstances of more or less value in determining the character of the possession. There was evidence, it is true, tending to show that John Locklear's possession was not adverse or continuous; but upon a nonsuit we cannot consider it. It may be that the jury will find, upon the evidence now before us, or upon that and additional evidence at another trial, when the facts are more fully developed, that there was neither an adverse nor a continuous possession. We must now infer everything from the testimony in favor of the plaintiff, which it tends to prove. This rule will not be the one for the guidance of the jury when the issue of fact is submitted to them, but rather a contrary one, for the burden will then be upon the plaintiff to establish her case by a preponderance of the evidence. There is enough evidence in the record to carry the case to the jury, and the issue must be tried by them, under proper instructions of the court with reference to the real facts as they may find them to be.

Without stating it, we think there was some evidence to the effect that the defendants had cut timber from the land and sawed it into lumber, under such circumstances as to make them liable for the same if John Locklear was the owner of the land.

The motion to dismiss the appeal because the exceptions are not grouped is overruled. There was only one exception, which was taken to the judgment of nonsuit, and the error is thus sufficiently assigned. We so decided at the last term. There is no irrelevant or superfluous matter in the record. On a motion to nonsuit we must review the whole of the evidence. This

should not be set out by question and answer, or by a full transcript of the stenographer's notes, but in narrative form. On account of the peculiar nature of this appeal and the question presented, there has been no sufficient departure from the rules of this Court and statutory provisions to call for an affirmance of the judgment without considering the case on appeal. .

New trial.

BROWN, J., dissenting.