JULIAN SPRUILL v. BANK OF PLYMOUTH.

(Filed 10 September, 1913.)

1. Banks and Banking—Notice Not to Pay Check—Parties.

When sued for the payment of a check drawn on it, upon allegation that the drawer gave previous notice not to do so, a bank defends upon the ground that no such notice was given, the issue raised is only upon the question of notice, and the payee of the check is not a necessary party.

2. Trials—Parties, Proper—Court's Discretion.

The question as to whether one who is not a necessary party to the action is a proper party is one within the discretion of the trial judge, and from his decision thereof no appeal lies.

3. Appeal and Error—Parties—Premature Appeal.

In this action against a bank for payment of a check after notice from the drawer not to do so, the payee thereof having been made a party defendant, also, an appeal from the judgment of the court dismissing the action as to the payee is premature.

APPEAL by defendants from *Whedbee, J.,* at April Term, 1913, of WASHINGTON.

This action was commenced against the Bank of Plymouth and Clarence Latham, before a justice of the peace, to recover the sum of $200.

On the return day of the summons the defendant bank and Latham moved that U. S. Jackson be made a party, and that summons issue to Pitt County, the residence of said Jackson. The motion was granted and the case continued. On the return day the defendant Jackson, through his counsel, entered a special appearance and moved to dismiss the action, for that the

justice did not have jurisdiction over the defendant Jackson and the joining of Jackson was a fraud upon the jurisdiction. The justice reserved his ruling upon the motion until he heard the evidence. After hearing the evidence, he overruled the defendant Jackson's motion, but dismissed the action upon the merits. Thereupon the plaintiff gave notice of appeal, and the case was heard by his Honor, *H. W. Whedbee,* at the April Term, 1913, of the Superior Court. Upon the calling of the case the defendant Jackson, through his counsel, renewed the motion to dismiss the action as to him, and thereupon his Honor stated that he would hear the pleadings and the evidence before ruling upon the motion.

Thereupon the pleadings were read, except the answer of U. S. Jackson.

The plaintiff alleged that he had drawn a check for $200 on the defendant bank in favor of U. S. Jackson, and that the bank paid the same, after notice to its cashier, the defendant Latham, not to do so. The plaintiff stated in open court that he did not demand any relief against Jackson, and the defendants, the bank and Latham, denied liability to the plaintiff, upon the ground that the plaintiff had not given the notice to refuse payment of the check.

The court held that no relief was demanded or cause of action stated against the said Jackson, and thereupon dismissed the action as to Jackson, and signed the judgment set out in the record. To which ruling and judgment the defendants bank and Latham excepted and appealed to the Supreme Court.

*W. M. Bond, Jr.,* for defendant bank, appellant.
*Albion Dunn* for defendant Jackson, appellee.

ALLEN J., after stating the case: The settlement of the controversy between the plaintiff and the defendants the bank and Latham is dependent upon one fact, and that is, whether the plaintiff notified the defendants to refuse payment of the check before it was paid, and the presence of Jackson in this action is not necessary to its determination.

TRUST CO. *v.* ELLEN.

It also appears that the plaintiff stated in open court that he demanded no relief against Jackson, and neither the bank nor Latham can recover against him upon the facts now presented, because they allege that they paid the check to him rightfully before notice not to pay, which, if true, would exonerate them from liability.

We are, therefore, of opinion that Jackson is not a necessary party, and if a proper and not a necessary party, which is doubtful in view of the fact that the plaintiff makes no demand against him, and that the defendants cannot claim a liability on his part to them, except upon the ground that they wrongfully paid the check after notice not to do so, which they deny, it was discretionary with the judge to make him a party; and his action is not reviewable. *Aiken v. Manufacturing Co.,* 141 N. C., 339.

We are also of the opinion that the appeal is premature and must be dismissed. *Lane v Richardson,* 101 N. C., 181; *Emry v. Parker,* 111 N. C., 261; *Bennett v. Shelton,* 117 N. C., 103; *Gammon v. Johnson,* 126 N. C., 64.

Appeal dismissed.