## WILLIAM CARR GUTHRIE v. CITY OF DURHAM.

### (Filed 7 April, 1915.)

1. **Parties—Courts—Discretion.**

    The refusal of the trial court to make parties not necessary to the controversy rests within the discretion of the trial judge. which is not reviewable.

2. **Same—Tort Feasors—Separate Degree of Liability.**

    Where two tort feasors are sued for damages arising from an act for which one of them is primarily liable, and subject to an action for the commission of the same tort by the other one, who is secondarily liable, it being the policy of the law to determine controversies of this character in one action rather than in two, it is reversible error, when the plaintiff has brought his action against the one secondarily liable, to ·refuse, at the instance of the defendant or of both tort feasors, to permit the one primarily liable to become. a party defendant and set up and show his defense for the benefit of them both.

3. **Same—Contribution.**

    While ordinarily there is no contribution between tort feasors, and a recovery against one joint feasor sued alone will not permit a recovery by him against the other, this principle will not apply when their liability for the act committed is not in the same degree, one of them being a primary liability and the other a secondary one; for when the action is solely against the one secondarily liable, he has not the same incentive for resisting a recovery.

4. Parties—Court's Discretion—Tort Feasors—Municipal Corporations—Excavation—Degrees of Liability.

Where a municipality permits a property owner to excavate along the sidewalk of its streets, who, while the excavation is being dug, surrounds it with a fence, which gives way while a pedestrian is leaning thereon, who, being injured, brings his action against the city alone for alleged negligence in permitting a dangerous condition to exist, the negligent act of the property owner would be antecedent, in point of time, to that of the city, in failing to exercise a proper degree of supervisory care; and the liability of the city is secondary to that of the property owner who caused the excavation to be made.

HOKE, J., dissenting; ALLEN, J., concurring in dissenting opinion.

APPEAL by defendant from *Daniels, J.,* at November Term, 1914, of DURHAM.

*Fuller & Reade for plaintiff.*
*Charles Scarlett and Victor S. Bryant for defendant.*

CLARK, C. J. This is an appeal from the refusal of the court to grant the motion of the defendant to make A. E. Lloyd a party defendant.

The plaintiff, who was an infant 11 years of age at the time of the injury complained of, brings this action by his next friend against the city of Durham for damages caused by its alleged negligence in permitting a dangerous excavation, immediately adjoining one of its streets, to be insufficiently guarded and protected, alleging that this negligence resulted in injuries to the plaintiff. A. E. Lloyd, who was owner of the lot upon which the excavating was done, in excavating for the foundations for his building, desiring an entrance through the sidewalk to his basement, excavated under the width of the sidewalk for the whole extent of his lot. It appears from the answer that Lloyd erected a plank fence across the sidewalk and along the edge of the street to prevent those using the sidewalk from falling into the excavation. This fence was 4½ or 5 feet high. On Sunday, 2 August, 1914, there was a heavy rainfall which caused the dirt sustaining this fence to give way. Those in charge of the work were engaged in making the fence more secure when the plaintiff rode up on his bicycle and leaned against the fence. When warned to leave, he did not do so, but leaned against the fence, which gave way, tumbling him and his bicycle into the excavation, and in falling his arm became entangled in the bicycle and was broken.

The city of Durham, upon the allegations set up in its answer, moved to have A. E. Lloyd made a party. Upon notification of said motion, Lloyd appeared and asked to be made a party, that he might make his defense, but the court declined the motion, and the defendant excepted.

The making of new parties defendants where they are not necessary is a matter within the discretion of the trial judge, and his refusal is not reviewable. *Aiken v. Mfg. Co.,* 141 N. C., 339. But in this case, if

there should be a recovery against the defendant the city of Durham, A. E. Lloyd would be liable to the city, and it could recover in an action against him. It is the policy of the law to determine a controversy in one action rather than several, when it can be done. Besides, A. E. Lloyd is entitled to a day in court, and it is but just that he should have an opportunity to defend the suit against the city in order to defeat a recovery, or to reduce the amount for which he must answer over, by setting up his defense in his own way and through his own counsel. The city has not the same interest in defeating the action, or in reducing the amount, if it can recover over against a solvent party. This has been fully discussed and settled in several cases. *Dillon v. Raleigh,* 124 N. C., 184; *Brown v. Louisburg,* 126 N. C., 701; *Raleigh v. R. R.,* 129 N. C., 265; *Gregg v. Wilmington,* 155 N. C., 18.

The discussion in *Gregg v. Wilmington, supra,* is very full and elaborate, citing authorities from the Federal Supreme Court and several States as well as those from North Carolina. *Walker, J.,* says: "The Code contemplates this method of trial to avoid circuity and multiplicity of actions."

It is true that there is no contribution between tort feasors, and that ordinarily where there is a recovery against one joint tort feasor sued alone, he cannot recover of the other tort feasors. But there is an exception when, as in this case, there is evidence tending to show that Lloyd is primarily liable, if there was negligence, and the city secondarily so. In the *Gregg case, Walker, J.,* points out that the exceptions to the rule that there is no contribution among joint wrongdoers is subject to two exceptions: "(1) Where the party claiming indemnity has not been guilty of any fault, except technically or constructively, as where an innocent master is held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury. Very familiar illustrations of the second class are found in cases of recovery against municipalities for obstructions to highways caused by private persons. The fault of the latter is the creation of the nuisance, that of the former the failure to remove it in the exercise of its duty to care for the safe condition of the public streets; the first was a positive tort and the efficient cause of the injury complained of, the latter the negative tort of neglect after notice express or implied," citing many cases.

The fact that the plaintiff could sue both the city of Durham and Lloyd does not determine that they are both liable in the same degree. It is true that the city gave Lloyd the permit to make the excavation and was charged with the duty of supervising his operations to prevent in-

jury to the public, and if it neglected to do so, it is liable to the plaintiff. But the primary liability may be upon Lloyd, there being evidence tending to show that his negligence, if any, was antecedent to that of the city if it was negligent in not giving efficient supervision.

Upon the facts set out in the answer the defendant the city of Durham was entitled to have Lloyd made a defendant, and he was *a fortiori* entitled to have his motion, to come in and defend the action, granted.

Reversed.

HOKE, J., dissenting: On the facts presented, while·A. E. Lloyd may be a desirable, he is not a necessary party, and under our decisions, as I interpret them, where this is true, the question of making him a party is referred to the discretion of the trial court. *Aiken v. Mfg. Co.,* 141 N. C., 339. Although there may be a condition of primary and secondary liability as between Lloyd and the city of Durham, the negligent acts of both having concurred in producing a single injury, the authorities are that, with or without concert between them as to plaintiff and his cause of action, they are considered as joint tort feasors, and unless the court below otherwise orders, he has the election to sue and proceed against them together or separately, as he may ·be advised. *Hough v. R. R.,* 144 N. C., 692; *Clark v. Guano Co.,* 144 N. C., 64; 38 Cyc., 490 *et seq.;* 28 Cyc., 1463.

There is nothing in *Gregg v. Wilmington* that necessarily militates against this view. In *Gregg's case* all the persons involved in the alleged tort were made parties defendant, and the question chiefly presented was as to the effect and·interdependence of certain issues on the rights of the respective parties. Whether the plaintiff could, at his election, have proceeded against one or all of the defendants was not directly involved.

In the opinion, however, and as to the nature of plaintiff's demand, it was said, among other things: "In an action against a city and its licensee for injury caused by the negligent act of the latter, of which the city had notice, their liability, as between them and the plaintiff, would be *joint* and *several.* . . ."

Under this principle and the authorities apposite, I am of opinion that the ruling of the lower court should be affirmed.

ALLEN, J., concurs in the dissenting opinion of HOKE, J.