MAX PERRY v. B. R. ALFORD AND J. M. ALFORD (ORIGINAL PARTIES DEFENDANT) AND O. L. ARNOLD (ADDITIONAL PARTY DEFENDANT).

(Filed 18 April, 1945.)

**1. Adverse Possession § 6—**

Where plaintiff alleges title by adverse possession under color but produces no evidence of acts of asserted dominion and possession, whatever acts of possession, previously exercised by his predecessors in title, were discontinued and cannot avail him.

**2. Adverse Possession § 1—**

The listing and payment of taxes on land may be a relevant fact in connection with other circumstances tending to show claim of title, but not sufficient alone to show adverse possession.

**3. Same—**

Adverse possession must have been actual, open, continuous, and denoted by the exercise of acts of dominion over the land in making the ordinary use and taking the ordinary profits of which it is susceptible.

**4. Adverse Possession § 19—**

In an action for trespass, title being involved and plaintiff alleging adverse possession under color, where plaintiff's evidence tended to show that he lived ten or more miles from the land and saw it about once a year, that he never cultivated it, never sold or cut timber or wood, never built on it, or fenced it, but just recorded his deed and paid the taxes, there is no evidence of adverse possession and motion for judgment as of nonsuit was properly allowed.

APPEAL by plaintiff from *Rudisill, Special Judge,* at November Term, 1944, of FRANKLIN. Affirmed.

This was an action to recover damages for wrongful cutting of timber on land alleged to belong to the plaintiff. Defendants denied plaintiff's title. At the conclusion of the evidence defendants' motion for judgment of nonsuit was allowed, and plaintiff appealed.

*G. M. Beam for plaintiff, appellant.*
*Malone & Malone for O. L. Arnold, appellee.*
*Lumpkin & Lumpkin for B. R. Alford and J. M. Alford, appellees.*

DEVIN, J. The action was for trespass on land, and title was drawn in question. Plaintiff claimed under deed from David R. Arnold and wife dated 1 December, 1932, purporting to convey 33 acres of described land. Plaintiff admitted want of title in his grantors, but asserted adverse possession under the deed as color of title for more than seven years, sufficient to vest title under the statute, G. S., 1-38. This the defendants denied.

Upon the hearing the court below was of opinion that the evidence of adverse possession offered by plaintiff was insufficient to carry the case to the jury and granted defendants' motion for judgment of nonsuit. Plaintiff's appeal presents the question of the propriety of this ruling.

From the plaintiff's testimony it appeared that he lived ten or twelve miles from the land and only saw it about once a year; that the land had been in cultivation at one time but since he took his deed had been permitted to grow up in broomstraw and small pines; that on one occasion he permitted O. L. Coley to cut a few cedar posts. He testified: "I claim possession because I have a deed that is recorded and I have been paying the taxes. I have not been in possession any more than what Coley and Ode Arnold both told me—told me it was my land. I have never cultivated any of the land, never sold any timber, cut any wood, built any house on it or put any fence around any of it. I have just recorded the deed and paid the taxes since 1932."

We think this evidence, considered in the light most favorable for the plaintiff, fails to show such acts of asserted dominion and possession as would constitute adverse possession as defined by this Court in *Locklear v. Savage,* 159 N. C., 236, 74 S. E. 347; *Vance v. Guy,* 223 N. C., 409; *Berry v. Coppermith,* 212 N. C., 50, 193 S. E., 3; *Alexander v. Cedar Works,* 177 N. C., 137, 98 S. E., 312. Whatever acts of possession had been previously exercised by plaintiff's predecessors in title were discontinued, and cannot avail him on this record. *Malloy v. Bruden,* 86 N. C., 251. The listing and payment of taxes on the land might be a relevant fact in connection with other circumstances tending to show claim of title, but not sufficient by itself to show adverse possession. *Christman v. Hilliard,* 167 N. C., 4 (7); *Ruffin v. Overby,* 88 N. C., 369 (373); *Malloy v. Bruden,* 86 N. C., 251. To constitute adverse possession the possession must have been actual, open, continuous, and denoted by the exercise of acts of dominion over the land in making the ordinary use and taking the ordinary profits of which it is susceptible. *Currie v. Gilchrist,* 147 N. C., 648, 61 S. E., 581; *Alexander v. Cedar Works, supra;* 1 Am. Jur., 865, 877.

Plaintiff's exception to the court's ruling in sustaining objection to a propounded question whether defendant O. L. Arnold had entered into possession of an adjoining tract is without merit. Evidence relating to an alleged oral exchange of lands between plaintiff's grantor and his brother, if competent, could not aid the plaintiff on the issue of title here presented. Nor was the exclusion of secondary evidence as to lost tax records for certain years prejudicial to the plaintiff, since his payment of all taxes, if admitted, must be held insufficient to carry the case to the jury on the question of adverse possession. *Ruffin v. Overby, supra.*

Judgment affirmed.