JAMES GRAHAM v. CURRIE SPAULDING.

(Filed 31 January, 1946.)

**1. Adverse Possession § 19—**

In an action involving title to timber lands, evidence that plaintiff, for a period of 27 years, listed the property for taxes, cleared and cultivated small patches, cut and removed logs and crossties, *held* sufficient to be submitted to the jury on the question of adverse possession by the continuous use of the property for the purpose of which it was susceptible.

**2. Trial § 16—**

Where evidence is admitted conditionally and later excluded and the jury instructed not to consider it, any error in its admission is corrected and an exception to its admission cannot be sustained.

**3. Adverse Possession § 18—**

In a case tried solely on the theory of adverse possession for a period of 20 years, a deed to plaintiff executed at the time he took possession but unregistered until after defendant's deed, is competent as a relevant fact in connection with other circumstances tending to show claim of title.

**4. Same—**

Under a claim of title by 20 years adverse possession, tax receipts, though insufficient alone, are competent in connection with other circumstances to show that plaintiff had been asserting a claim to the property.

**5. Evidence § 15—**

Conflict in statements in plaintiff's evidence affects its credibility but not its competency.

APPEAL by defendant from *Hamilton, Special Judge,* at February Term, 1945, of COLUMBUS.

Civil action for trespass.

The plaintiff alleges he is the owner and in possession of a 13-acre tract of land in Columbus County, described by metes and bounds in the complaint; that the defendant has trespassed thereon, after being forbidden,

and that plaintiff is entitled to injunctive relief and damages for the trespass already committed.

Plaintiff further alleges that he obtained a deed to the *locus in quo* 11 October, 1917, from Mary F. Jacobs, which deed was not recorded until 20 June, 1944; that he purchased the property in good faith and entered into possession immediately and claims title thereto by adverse possession for twenty years.

The defendant admits he cut and removed timber from the land described in the complaint, in July, 1944, but alleges he is the owner of the property, having obtained a quitclaim deed therefor, 17 June, 1944, from Eliza Pigford, the daughter and only child of Mary F. Jacobs, and her husband, W. Pigford, which deed recites a cash consideration of $30.00 and was recorded prior to plaintiff's deed.

Issues of ownership, trespass and damages were submitted to the jury and answered in favor of the plaintiff.

From judgment thereon, the defendant appealed, assigning error.

*Powell & Lewis and R. H. Burns for plaintiff.*
*E. M. Toon and Varser, McIntyre & Henry for defendant.*

DENNY, J. The appellant assigns as error the failure of the court below to sustain his motion for judgment as of nonsuit, and for a directed verdict in favor of defendant. This assignment of error cannot be sustained.

It is in evidence that the plaintiff has cultivated part of the land in controversy, and cut logs, piling poles and crossties off the premises from time to time, over a period of 27 years prior to the institution of this action. Substantially all of the land is in timber. Small patches have been cleared by the plaintiff and used during the last ten or twelve years for tobacco beds. The plaintiff has listed the property for taxes for 27 years.

We think there is sufficient evidence of adverse possession to be submitted to the jury under the decisions of this Court in *Ward v. Smith,* 223 N. C., 141, 25 S. E. (2d), 463; *Berry v. Coppersmith,* 212 N. C., 50, 193 S. E., 3; *Locklear v. Savage,* 159 N. C., 236, 74 S. E., 347; *Coxe v. Carpenter,* 157 N. C., 557, 73 S. E., 113; and *Berry v. McPherson,* 153 N. C., 4, 68 S. E., 892.

When the evidence is considered, as it must be, in the light most favorable to the plaintiff, it tends to show use and occupation by the plaintiff for the required statutory period, and that during said period the plaintiff has from time to time, continuously subjected the disputed land to the only use of which it was susceptible.

The appellant seriously contends and assigns as error the admission in evidence of plaintiff's deed from Mary F. Jacobs, notwithstanding the fact that the court at the time the deed was offered and admitted, stated that it was admitted conditionally and later excluded it and instructed the jury not to consider the deed or the evidence with respect to it. This assignment of error cannot be sustained. If the deed had been improperly admitted the error was corrected. Moreover, the appellant did not except to the introduction of the deed, but only to the testimony with respect to it after it had been introduced without objection. As a matter of fact, we think the deed was competent to show plaintiff's claim of title. Since another deed to the identical property which plaintiff claims, had been filed of record, prior to the filing of his deed, the plaintiff had a right to offer his deed, not as evidence of adverse possession, but as a relevant fact in connection with other circumstances tending to show claim of title; a claim of title, however, which under the circumstances was not a good and indefeasible one, unless the plaintiff could further show that he had held the premises which he claimed, adversely for twenty years. There is an allegation in the complaint to the effect that plaintiff has held possession of the premises for seven years adversely under his deed; however, the case was tried below upon the allegations of adverse possession for twenty years and no evidence was adduced in support of a claim for title under color. In view of the theory upon which the case was tried, the defendant would have no cause for complaint if the deed had not been excluded. For this Court said, in *Tilghman v. Hancock,* 196 N. C., 780, 147 S. E., 300: "There is no presumption of law that a purchaser takes possession under a deed. *Prevatt v. Harrelson,* 132 N. C., 250, 43 S. E., 800. Therefore, the deed of itself was not sufficient evidence of possession. As the deed was made before the controversy arose, the execution and recording thereof would be a relevant fact in connection with other sufficient evidence tending to show a claim of title and adverse possession. Though not sufficient of itself for that purpose, under the circumstances the deed would be analogous in probative weight to the listing of land and the payment of taxes thereon."

The appellant also assigns as error the admission of plaintiff's tax receipts in evidence. The plaintiff testified he had listed the property for taxes for 27 years and offered in evidence certain tax receipts. These tax receipts were admissible for the purpose of showing that the plaintiff was and had been asserting a claim to the property. They were so admitted and the jury instructed accordingly. The court further instructed the jury that payment of taxes alone was not sufficient to prove a claim of adverse possession. This Court has repeatedly held: "The listing of the land and payment of taxes is a relevant fact, in connection with

other circumstances, tending to show a claim of title and an adverse or hostile possession, though not sufficient by itself for the purpose." *Austin v. King,* 97 N. C., 339; *Ruffin v. Overby,* 105 N. C., 78, 11 S. E., 251; *Bernhardt v. Brown,* 122 N. C., 587, 29 S. E., 884; *Christman v. Hilliard,* 167 N. C., 4, 82 S. E., 949; *Belk v. Belk,* 175 N. C., 69, 94 S. E., 726; *Perry v. Alford,* 225 N. C., 146, 33 S. E. (2d), 665. This assignment of error cannot be sustained.

We have carefully considered the remaining thirty-three exceptions, thirty-two of which are to his Honor's charge, and we find none of them of sufficient merit to disturb the verdict below.

There are conflicting statements in plaintiff's evidence, but, as stated in *Ward v. Smith, supra:* "Discrepancies and contradictions, even in plaintiff's evidence, are matters for the jury, and not for the court."

In the trial below, we find

No error.