69 S.E.2d 841 (1952)
235 N.C. 326
FIRST-CITIZENS BANK & TRUST CO.
v.
PARKER.
FIRST-CITIZENS BANK & TRUST CO.
v.
PARKER et ux.
PARKER et ux.
v.
FIRST-CITIZENS BANK & TRUST CO. et al.
No. 247.
Supreme Court of North Carolina.
March 26, 1952.
*843 E. A. Parker, Benson, and Jane A. Parker, Smithfield, for appellants.
Lyon & Lyon, Smithfield, for First-Citizens Bank & Trust Co., Guardian of Henry A. Hodges, appellee.
Levinson & Batton, Smithfield, for J. H. Strickland and wife Mabel Strickland, and Riverside Brick & Tile Co., appellees.
DEVIN, Chief Justice.
The judgment in these cases which the appeal brings up for review is the culmination of a series of transactions, constant litigation and recurring appeals which have extended over a period of twenty years. The primary and persistent purpose of this litigation was the settlement of a guardianship fund which had gone into the hands of James D. Parker, former guardian. Certain legal phases of the controversy have heretofore been considered by this Court. First-Citizens Bank & Trust Co. v. Parker, 225 N.C. 480, 35 S.E.2d 489, 163 A.L.R. 1003; Grady v. Parker, 228 N.C. 54, 44 S.E.2d 449; Grady v. Parker, 230 N.C. 166, 52 S.E.2d 273; First-Citizens Bank & Trust Co. v. Parker, 232 N.C. 512, 61 S.E.2d 441. Thus from the permanent pages of the North Carolina Supreme Court Reports appears in outline the story of these transactions which the present appeal brings up again as the background of appellants' exceptions to the rulings of the court below.
In chronological order the record may be restated as follows: July 4, 1932, James D. Parker resigned as guardian of Henry A. Hodges, incompetent veteran of World War I, and in 1933 the succeeding guardian instituted suit to recover funds which had gone into the hands of Parker as guardian. In September 1935, this suit resulted in judgment against Parker for $8,023.81, based on the verdict of the jury that he had mingled the funds of his ward's estate with his own and had not accounted for same.
As belonging to the estate of his ward James D. Parker turned over to the succeeding guardian a note and deed of trust executed by himself and wife, and payable to himself as guardian, in the sum of $4,000, conveying 37.5 acres of land and a lot called office lot in Smithfield. The succeeding guardian obtained judgment of foreclosure of this deed of trust in 1936, and sale of the 37.5 acres of land, under the judgment, by W. B. Wellons Commissioner, for $600, to Clifton Beasley was confirmed December 30, 1936. The money was paid, deed delivered and Beasley went into possession January 1, 1937. The judgment was credited with net proceeds of the sale.
In 1945 the plaintiff Bank as successor guardian instituted suit to renew the $8,023.81 judgment with interest, subject to all credits. This suit bore civil issue docket No. 5496.
In 1946 the plaintiff Bank as successor guardian instituted suit to renew the $4,000 judgment, subject to credits. This suit bore civil issue docket No. 5584.
December 2, 1946, James D. Parker and wife instituted suit to redeem the 37.5-acre tract of land and for an accounting, alleging the sale of the land under judgment of foreclosure was void for the reason that H. V. Rose, the trustee in the deed of trust, had not been made a party. This suit bore civil issue docket No. 5620. Since the death of James D. Parker in 1948 this suit *844 is being carried on by Mrs. Agnes A. Parker individually and as executrix of James D. Parker.
The appeal now brought to this Court, the fifth in the series, is being prosecuted by Mrs. Agnes A. Parker, Executrix of her late husband James D. Parker, and Mrs. Agnes A. Parker individually, defendants in Nos. 5496 and 5584, and plaintiffs in No. 5620.
At the November Term, 1951, of Johnston Superior Court, by consent of all parties, these three cases were consolidated and jury trial waived. It was agreed that the judge presiding at that term should find the facts, answer the issues raised, and render judgment thereon. From the evidence offered the judge set out his findings of fact specifically in the form of answer to issues submitted and rendered judgment disposing of the matters involved in the three cases.
Though the record is unnecessarily voluminous (482 pages), and the assignments of error unduly multiplied, the two principal questions presented involve: (1) the right of the successor guardian to maintain suits to renew former unsatisfied judgments, and (2) the right of appellants to redeem the tract of land sold under foreclosure and for an accounting. To the rulings of the trial judge on the evidence relating to these issues and to his conclusions thereon the zeal of counsel has prompted numerous exceptions.
1. The right of plaintiff Bank, successor guardian, to maintain Suits No. 5496 and No. 5584 to renew the judgments rendered against the former guardian and his executrix finds support in the statute, G.S. § 1-47, subd. 1, Rodman v. Stillman, 220 N.C. 361, 365, 17 S.E.2d 336, and is sustained in this instance by the decision of this Court in Grady v. Parker, 230 N.C. 166, 52 S.E.2d 273. All the credits on these judgments warranted by the evidence and found by the court are set out in the judgment appealed from. According to the evidence the notes and choses in action belonging to James D. Parker which were turned over by him to the succeeding guardian to be collected and credited on the original judgment, proved practically worthless, and the court found that credit was given for the small amount collected therefrom. Neither James D. Parker nor his executrix offered objection to the subsequent sale of the office lot conveyed in the deed of trust and joined in quitclaim deed to the purchaser. Credit was duly given on the judgment for the amount of such sale together with rents received less taxes and repairs. It is noted that the amount of the $4,000 deed of trust and the consequent judgment thereon was embraced in the $8,023.81 judgment, and this fact was duly considered by the judge and entered into the judgment. See Grady v. Parker, 230 N.C. 166, 52 S.E.2d 273, supra.
It was found, and the evidence supports the finding, that the executrix of James D. Parker was entitled to certain credits on the $8,023.81 judgment, No. 5496, as of the dates set out, derived from collections from other securities turned over by Parker, $256.10 and $41.45, from the surety on Parker's bond $442.92, and from execution sale of other land $4,919.20, First-Citizens Bank & Trust Co. v. Parker, 232 N.C. 512, 61 S.E.2d 441, supra, in total sum of $5,659.67.
And the amounts credited on the $4,000 judgment No. 5584 totaled $5,381.43, being the net amount received from sale of 37.5 acres of land, and from rents and sale of the office lot. These credits on the collateral debt of James D. Parker and Mrs. Agnes A. Parker evidenced by the note and deed of trust were adjudged to be credits on the judgment in No. 5496.
Since the principal debt owed by James D. Parker was that represented by the judgment referred to in No. 5496 in the sum of $8,023.81 with interest from January 1, 1932, and the judgment of $4,000 in No. 5584 on the note and deed of trust of James D. Parker and Agnes A. Parker was embraced in the larger judgment, in determining the balance now due duplication in the charges of interest, which would otherwise result from adding interest on the $4,000 judgment, was avoided by the provision below that the amount paid in satisfaction of that judgment No. 5584 should be credited on the principal judgment in No. 5496. That is, whatever interest is charged on judgment No. 5584 will be credited on the *845 judgment No. 5496, so that no injury will arise to either the executrix of James D. Parker or Mrs. Agnes A. Parker.
Appellants' exceptions to the rulings of the trial judge relating to the suits No. 5584 and No. 5496 to renew the original judgments have been examined and found to be without substantial merit.
2. It was decided by this Court in 1947, Grady v. Parker, 228 N.C. 54, 44 S.E.2d 449, that the foreclosure suit, under which the 37.5-acre tract of land was sold, improperly undertook to pass the title to the land for the reason that the trustee in the deed of trust, in whom was the legal title, had not been made a party to the suit. The evidence disclosed, however, that the sale was confirmed December 1936, and deed delivered, and the grantee entered into possession January 1, 1937. James D. Parker and wife Agnes A. Parker did not enter suit to redeem until December 2, 1946. It also appeared from the evidence, and the trial court so found, that the grantee in the Commissioner's deed which described the land by metes and bounds, under and pursuant to that deed, entered into possession of the land in good faith as owner, and he and his successors in title have continued in possession openly, adversely, continuously, putting the land to the only use of which it was susceptible in its then state, Locklear v. Savage, 159 N.C. 236, 74 S.E. 347. There was evidence tending to show that the grantee paid full value for the land; that he and his successors in title listed and paid taxes thereon each year since; that the land lay along the banks of Neuse River, was subject to inundation, and was only valuable for the clay which the possessors used in making brick; that the land was situated near the town of Smithfield where James D. Parker and his wife and the trustee resided; that no objection to the occupancy and use of the land was raised, and no claim was made until suit filed nine years and eleven months after the grantee in the deed had entered into possession. During this period James D. Parker neither listed nor paid taxes on this land.
The appellants, however, urge the view that since the trustee in the deed of trust was not a party to the foreclosure suit and the court held the sale for that reason void and insufficient to pass title, the deed of the Commissioner appointed by the court had only the effect of an equitable assignment of the mortgagee's interest and gave to the possessor only the status of a mortgagee in possession which would not bar an action to redeem in less than ten years. Eubanks v. Becton, 158 N.C. 230, 73 S.E. 1009.
The trial judge, however, was of opinion, and so held, that the deed of W. B. Wellons, Commissioner, constituted color of title, and found that the grantee entered thereunder, and that he and those who succeeded to his title have been in open, adverse and continuous possession of the land for more than seven years, thus vesting a good title. This ruling, we think, is supported by the evidence and is in accord with the decisions of this Court.
Color of title may be defined as a paper writing which on its face professes to pass the title to land but fails to do so because of want of title in the grantor or by reason of the defective mode of conveyance used. Tate's Heirs v. Southard, 10 N.C. 119; Glass v. Lynchburg Shoe Co., 212 N.C. 70, 192 S.E. 899; 1 A.J. 898. If the instrument on its face purports to convey land by definite lines and boundaries and the grantee enters into possession claiming under it and holds adversely for seven years, it is sufficient to vest title to the land in the grantee. G.S. § 1-38. No exclusive importance is to be attached to the ground of the invalidity of the colorable title if entry thereunder has been made in good faith and possession held adversely. Though the grantor may have been incompetent to convey the true title or the form of conveyance be defective, it will constitute color of title which will draw to the possession of the grantee thereunder the protection of the statute. G.S. § 1-38; McCulloh v. Daniel, 102 N.C. 529, 9 S.E. 413; Seals v. Seals, 165 N.C. 409, 81 S.E. 613; Crocker v. Vann, 192 N.C. 422, 135 S.E. 127; Eason v. Spence, 232 N.C. 579, 61 *846 S.E.2d 717; Price v. Whisnant, 232 N.C. 653, 62 S.E.2d 56. Accordingly it has been held that a fraudulent deed may be color of title and become a good title if the fraudulent grantee holds actual adverse possession for the statutory period against the owner who has right of action to recover possession and is under no disability. Seals v. Seals, supra. And where in a partition proceeding to sell land less than the whole number of tenants in common have been made parties, a deed made pursuant to an order of court to the purchaser is color of title and seven years adverse possession thereunder will bar those tenants in common who were not made parties. John L. Roper Lumber Co. v. Richmond Cedar Works, 165 N.C. 83, 80 S.E. 982. And in the language of Justice Brown, speaking for the Court in Canter v. Chilton, 175 N.C. 406, 95 S.E. 660, 661: "So an entry upon and taking possession of land under a judicial decree is good color, and this is generally true although the decree is irregular or even void."
The appellants noted numerous exceptions to the rulings of the trial judge on evidence offered relating to the use of clay from this land for making brick, and the worthlessness of the land for other purposes due to overflow, but we think this evidence competent. The exception to the introduction of tax abstracts showing listing by those in possession and the payment of taxes cannot be sustained in view of what was said by this Court in McKay v. Bullard, 219 N.C. 589, 14 S.E.2d 657; Graham v. Spaulding, 226 N.C. 86, 36 S.E.2d 727. Also exception was noted to opinion evidence as to the value of the land at time of sale, but this was admissible as tending to show the good faith of the purchaser. An examination of these exceptions and of all those noted to the introduction of evidence and brought forward in appellants' assignments of error fails to disclose prejudicial error which would warrant another hearing on these issues. Collins v. Lamb, 215 N.C. 719, 2 S.E.2d 863; Call v. Stroud, 232 N.C. 478, 61 S.E.2d 342.
In view of the holding that defendant Brick Company's title to the land had ripened by adverse possession under color, the ruling of the judge below on the question of laches on the part of James D. Parker and wife becomes immaterial. Teachey v. Gurley, 214 N.C. 288, 199 S.E. 83. The inadvertent inclusion of the name of James D. Parker as one against whom judgment was rendered is unimportant.
Without undertaking to discuss appellants' numerous exceptions seriatim, we conclude, after a careful examination of the record, the exceptions noted and brought forward in the assignments of error and the briefs, that no error in the rulings of the trial judge is made to appear which we deem prejudicial to the appellants or of substance sufficient to require another hearing. The findings of the judge appear to have been supported by the evidence, and his conclusions determinative of the litigation will not be disturbed.
It may not be out of place to note that during the argument in this Court counsel for the plaintiff Bank chided opposing counsel for bringing forward 472 exceptions, saying "No Superior Court Judge could make 472 errors in one case." To this counsel for appellants replied, "No Superior Court Judge could rule on 472 objections without making an error."
The numerous suits instituted in connection with the estate of plaintiff's unfortunate ward Henry A. Hodges have been long drawn out, and have occupied the attention of the courts for many years. Collateral and incidental matters have been drawn into the stream of litigation, and have required consideration and decision by the courts. We indulge the hope that the judgment below in these cases, which we now affirm, will mark the end of all active disagreement between the parties as to the matters involved, and that the Court may write in conclusion, requiescat in pace.
Judgment affirmed.