GAITHER CORPORATION v. MARK L. SKINNER, ORIGINAL DEFENDANT, AND C. R. HOPKINS, NEW PARTY DEFENDANT.

(Filed 23 September, 1953.)

**1. Parties § 3—**

Parties whose interests are such that no decree can be rendered which will not affect them, so that the court cannot proceed to judgment until they are brought in, are necessary parties.

**2. Parties § 4—**

Where the court can proceed to adjudicate the rights of the parties to the action without necessarily affecting the rights of others, but such strangers to the action have an interest in the subject of the action or have rights therein which might be properly determined if they were brought in, they are proper parties.

**3. Parties § 10—**

Whether persons who would be proper but not necessary parties to the action should be joined, rests in the sound discretion of the court.

**4. Contracts § 19: Torts § 4—Owner is entitled to sue contractor without joining subcontractor performing defective work.**

The owner sued his contractor for breach of the contract on the ground that the roof was defective and leaked. Defendant contractor sought to have his subcontractor joined as a party defendant upon allegations that if the roof were defective, the subcontractor had failed to erect it in accord with the specifications, and that in such event the subcontractor was responsible to plaintiff and the contractor, with prayer that if plaintiff should recover judgment against him that he should recover judgment against his subcontractor. *Held:* G.S. 1-240 is not applicable since the contractor and the subcontractor are not joint tort-feasors, and plaintiff has a right to pursue his action against the contractor without being compelled to have contested litigation between the contractor and the subcontractor projected into the suit.

APPEAL by defendant Skinner from *Bone, J.*, June Term, 1953, of PASQUOTANK.   Affirmed.

The plaintiff entered into a contract with defendant Mark L. Skinner whereby the latter agreed to furnish all labor and materials and to construct a building for the plaintiff in Elizabeth City for an agreed price, in accordance with the plans and specifications prepared by plaintiff's architect.   The building was completed about 1 July, 1950, and the contract price paid in full.

In February 1953 plaintiff instituted this action against defendant Skinner alleging faulty and defective materials knowingly used by defendant in the construction of the roof of the building in breach of the contract, resulting in serious and continued leaking.   Plaintiff demanded damages in an amount sufficient to replace the defective roof with one in accordance with the original plan.

The defendant Skinner denied that the roof constructed by him was otherwise than in accord with the plans and specifications furnished him; alleged that the construction of the roof had been let to a competent subcontractor, one C. R. Hopkins, who had constructed it in accord with the plans and specifications; and that if Hopkins failed to erect the roof in accord with the specifications, which was denied, then and in that event Hopkins was responsible to plaintiff and to defendant Skinner for any damages suffered by reason of his failure so to do; and he prayed that Hopkins be made a party to the action, and that if plaintiff should recover judgment of the defendant that he, Skinner, recover judgment over against Hopkins.

C. R. Hopkins having been made a party by the clerk and served with summons, entered special appearance and moved that he be dismissed from the action.

The court being of opinion that defendant Hopkins was not a necessary party to the action between plaintiff and defendant Skinner, entered order allowing Hopkins' motion.

Defendant Skinner excepted and appealed.

*LeRoy & Goodwin for C. R. Hopkins, appellee.*
*Barden, Stith & McCotter and John H. Hall for defendant, appellant.*

DEVIN, C. J.   We concur with the view of the court below that C. R. Hopkins is not a necessary party to the action which the Gaither Corporation has instituted against defendant Skinner for damages for faulty and defective material used by him in the construction of plaintiff's building in breach of the terms of the contract entered into between plaintiff and Skinner.   We think the action of the court in dismissing Hopkins from the action should not be held for error.

It may be conceded that plaintiff might have maintained action against Hopkins on his subcontract with Skinner, as one made for the benefit of the plaintiff (*Brown v. Construction Co.,* 236 N.C. 462, 73 S.E. 2d 147), and that Hopkins might have been a proper party in a suit involving the liability of both, but that would not entitle appellant to reversal of the order of Judge Bone dismissing Hopkins from the present action which plaintiff has instituted against defendant Skinner. *Spruill v. Bank,* 163 N.C. 43, 79 S.E. 262; *Aiken v. Mfg. Co.,* 141 N.C. 339, 53 S.E. 867. "The making of new parties defendants where they are not necessary is a matter within the discretion of the trial judge, and his refusal is not reviewable." *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859. "Necessary or indispensable parties are those whose interests are such that no decree can be rendered which will not affect them, and therefore the court cannot proceed until they are brought in. Proper parties are those whose interests may be affected by a decree, but the court can proceed to adjudicate the rights of others without necessarily affecting them, and whether they shall be brought in or not is within the discretion of the Court." McIntosh, Prac. and Proc., Sec. 209, p. 184; *Colbert v. Collins,* 227 N.C. 395, 42 S.E. 2d 349; *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231.

The plaintiff has elected to pursue his action against the contractor with whom he contracted in order to recover damages for an alleged breach of that contract, and plaintiff should be permitted to do so without having contested litigation between the contractor and his subcontractor projected into the plaintiff's lawsuit. *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397.

The exact question here presented does not seem to have been heretofore decided by this Court. However, in *Board of Education v. Deitrick,* 221 N.C. 38, 18 S.E. 2d 704, where the general contractor, who had been sued for damages for using green and defective lumber in the building, moved to make the lumber dealer from whom he obtained the material a party, it was held that the motion was properly denied. Under the facts of that case there was no privity between plaintiff and the lumber dealer, nor were the contractor and subcontractor joint tort-feasors.

The statute permitting joint tort-feasors to be brought in for the purpose of enforcing contribution does not apply here. G.S. 1-240. Nor does an issue as to primary and secondary liability arise in this case as in *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859, and in cases of similar nature. See also *Moore v. Massengill,* 227 N.C. 244, 41 S.E. 2d 655; *Mullen v. Louisburg,* 225 N.C. 53, 33 S.E. 2d 484.

We conclude on the record here presented that the order dismissing defendant Hopkins from the action should be

Affirmed.