R. L. CORBETT AND WIFE, CALLIE LILLIAN CORBETT v. S. L. CORBETT AND WIFE, MAUDE A. CORBETT; AND J. C. CORBETT AND WIFE, MARGARET CORBETT.

(Filed 25 February, 1959.)

**1. Parties § 4:   Partition § 4a—**

Upon plea of sole seizin in partition proceedings, the mortgagee of the party pleading sole seizin is a proper, but not a necessary party, and whether such party should be joined rests in the discretion of the trial court.

**2. Appeal and Error § 3—**

The discretionary refusal to join a proper party is not appealable.

**3. Appeal and Error § 12—**

The court has power to proceed to trial after appeal from the court's discretionary refusal to join a proper party, since such appeal is premature and subject to dismissal.

**4. Adverse Possession § 22—**

It is competent for a person claiming title by adverse possession to introduce evidence that he had listed and paid taxes on the land as a circumstance, with other circumstances, tending to show claim of title.

**5. Deeds § 7—**

The registration of a deed by grantor is effective delivery to the grantee even though the grantee knows nothing of its execution or recording, since it will be presumed that the grantee will accept the deed made for his benefit in the absence of evidence to the contrary.

**6. Cancellation and Rescission of Instruments § 7—**

Heirs cannot attack the deed of an ancestor except for fraud or undue influence in securing the execution thereof.

**7. Adverse Possession § 15—**

Deed executed by the trustee to the purchaser at foreclosure sale, or by such purchaser to claimant, constitutes color of title even if the foreclosure is defective or void.

**8. Adverse Possession § 8—**

Where the owner of land executes and records a deed to her son and thereafter the land is purchased by another son at foreclosure of a prior deed of trust executed by her, the fact that she continues to reside on the property until her death as a member of the household is insufficient to reestablish title in her, and only the grantee son is entitled to attack the foreclosure.

**9. Mortgages § 39b—**

Where the grantee of the mortgagor acquiesces in the foreclosure of a prior deed of trust executed by his grantor and accepts from the purchaser in payment of a lien on the property monies borrowed by the purchaser on a subsequent deed of trust, he is estopped from attacking the title of the purchaser.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Moore (Clifton L.) J.*, October Term 1958, of PITT.

This action was instituted on 14 June 1949 as a partition proceeding involving lands formerly owned by Addie O. Corbett. Plaintiffs alleged that R. L. Corbett, S. L. Corbett, and J. C. Corbett, are tenants in common in the lands sought to be partitioned. However, S. L. Corbett, in his answer, alleged that Addie O. Corbett conveyed said lands away in 1921; that she has not owned said lands since that time; and that he purchased said tract of land in his own right in fee simple in 1929, and has owned said tract of land since that time and is now the sole and absolute owner thereof. Therefore, the sole issue for determination in the hearing below was one of title. J. C.

Corbett filed no answer or other pleading asserting any interest in the property.

1. Addie O. Corbett died on 11 May 1947, and it is admitted that R. L. Corbett, S. L. Corbett, and J. C. Corbett, are the sole heirs at law and next of kin of Addie O. Corbett, deceased.

2. Prior to 12 February 1921, Addie O. Corbett held the fee simple title to the 90.7 acres of land involved in this controversy; all persons claiming an interest therein are parties to this proceeding and each of the said parties is 21 or more years of age.

3. Addie O. Corbett executed a deed of trust dated 22 December 1919 to F. M. Wooten and John A. Coke, Jr., Trustees for the Life Insurance Company of Virginia, which is recorded in the office of the Register of Deeds, in Book M-13, at page 275, and securing ten bonds of even date, nine of which were for $300.00 each and the tenth for $3,300.00 (The words "duly recorded" used hereinafter shall mean recorded in the office of the Register of Deeds of Pitt County.) This deed of trust was canceled of record on 10 October 1940.

4. On 24 December 1919, Addie O. Corbett mortgaged the same lands to J. L. Fountain and R. A. Fountain to secure a note in the amount of $2,806.93 said mortgage being duly recorded in Book Y-13, at page 12, on 27 December 1920.

5. On 31 December 1919, Addie O. Corbett mortgaged the lands in question to T. J. Moore, Cashier, securing a $1,500.00 note, said mortgage being duly recorded in Book M-13, at page 300, on 31 December 1919.

6. On 12 February 1921, Addie O. Corbett by warranty deed conveyed to J. C. Corbett the lands involved herein for $100.00 and other valuable consideration, said deed being duly recorded in Book S-13, at page 544, on 12 February 1921.

7. S. L. Corbett, sometime prior to 1929, purchased the note secured by the mortgage deed to T. J. Moore, Cashier, referred to and described in paragraph 5 hereinabove, and caused the same to be assigned to him. Thereafter, this mortgage deed was foreclosed and S. O. Worthington became the last and highest bidder therefor in the sum of $6,000.00. The property was conveyed to him on 23 April 1929 and the deed duly recorded in Book X-17, at page 14, on 27 April 1929. On 1 May 1929, S. O. Worthington and his wife conveyed this property to S. L. Corbett for a consideration of $6,000.00. This deed was filed for registration in the office of the Register of Deeds of Pitt County on 1 May 1929 and was duly recorded in Book X-17, at page 22.

8. S. L. Corbett, unmarried, executed a deed of trust to W. O. Mc-

Gibbony, Trustee for the Federal Land Bank of Columbia, dated 28 September 1940, and duly recorded in book Q-23, at page 511, securing an indebtedness in the sum of $2,200.00. This instrument was canceled 18 January 1954.

9. S. L. Corbett, unmarried, executed a deed of trust to W. O. McGibbony, Trustee for the Land Bank Commissioner, dated 28 September 1940, securing the sum of $1,800.00. This instrument was duly recorded in Book Q-23, at page 513, and was canceled on 18 January 1954.

10. S. L. Corbett and wife, Maude A. Corbett, executed a deed of trust dated 23 November 1953 to W. O. McGibbony, Trustee, securing indebtedness to the Federal Land Bank of Columbia in the sum of $5,000.00, which deed was duly recorded in Book L-27, at page 62, on 1 December 1953. This instrument has not been canceled of record.

It was stipulated that the descriptions in all the foregoing instruments are the same descriptions and the same lands described in the petition.

11. J. C. Corbett testified that he knew his mother had executed to him a deed for the premises but he never took possession thereof; nor did he take any action to have the deed set aside or canceled. The evidence does show, however, that he purchased the $3,300.00 bond, secured by the deed of trust executed by his mother to the Trustees for the Life Insurance Company of Virginia, and had it assigned to him. The defendant S. L. Corbett paid him the amount he had invested, in the sum of $3,300.00, and S. L. Corbett paid the accumulated interest due on the bond to the original holder thereof. This amount was paid out of the proceeds from the loans from the Federal Land Bank of Columbia, secured by deeds of trust executed by S. L. Corbett on the premises involved.

The evidence tends to show that S. L. Corbett gave up his work as a tobacco auctioneer in 1922 and returned home and lived in the ancestral home with his mother until her death in 1947; that after 1929, S. L. Corbett made all contracts with tenants and handled all other contracts relating to the farm as owner; that prior to 1929 he listed the property for taxes in the name of J. C. Corbett and since 1929 he has listed the farm for taxes in his own name and has paid the taxes thereon. The evidence further shows that in making tobacco allotments on the farm, the agreements were made with S. L. Corbett as owner.

At the close of all the evidence the defendant S. L. Corbett moved

for judgment as of nonsuit. The motion was allowed. The plaintiffs appeal, assigning error.

*Jones, Reed & Griffin for plaintiffs.*
*James & Speight, W. H. Watson, and M. E. Cavendish for defendants.*

DENNY, J.   The plaintiffs' first assignment of error is to the overruling of their motion to make W. O. McGibbony, Trustee, and the Federal Land Bank of Columbia, South Carolina, parties defendant in this action.

In McIntosh, North Carolina Practice and Procedure, section 209, page 184, it is said: "Necessary or indispensable parties are those whose interests are such that no decree can be rendered which will not affect them, and therefore the court cannot proceed until they are brought in. Proper parties are those whose interests may be affected by a decree, but the court can proceed to adjudicate the rights of others without necessarily affecting them, and whether they shall be brought in or not is within the discretion of the court." McIntosh, Practice and Procedure, 2nd Ed., section 584, page 292; *Gaither Corp. v. Skinner,* 238 N.C. 254, 77 S.E. 2d 659; *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231.

"The making of new parties defendant where they are not necessary is a matter within the discretion of the trial judge, and his refusal is not reviewable." *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859.

We hold that the parties sought to be brought in and made parties defendant are not necessary parties in the determination of the rights litigated between the present parties. Hence, this assignment of error is overruled.

The ninth assignment of error is directed to the refusal of the court below to continue the case pending appeal from the ruling on the motion to make additional parties.

There is no merit in this assignment of error. The court below having exercised its discretion in denying the motion to make additional parties, who are not necessary parties, but at most only proper parties, an appeal therefrom would have been premature and subject to dismissal. The ruling of the court below did not impair any substantial right of the plaintiffs which would warrant an appeal. *McPherson v. Morrisette,* 243 N.C. 626, 91 S.E. 2d 574; *Burgess v. Trevathan, supra; Shelby v. Lackey,* 235 N.C. 343, 69 S.E. 2d 607; *Horne v. Horne,* 205 N.C. 309, 171 S.E. 91; *Bank v. McCraw,* 203 N.C. 860,

166 S.E. 790; *Trust Co. v. Whitehurst,* 201 N.C. 504, 160 S.E. 757; *Spruill v. Bank,* 163 N.C. 43, 79 S.E. 262.

The plaintiffs' sixth and seventh assignments of error are directed to the admission of evidence to the effect that from 1922 until 1929 the lands in controversy were listed for taxes in the name of J. C. Corbett, and since 1929 the lands have been listed for taxes in the name of S. L. Corbett and the taxes have been paid by him.

The listing and payment of taxes, while not sufficient alone to show adverse possession, evidence of such listing and payment of taxes is competent and may be considered in connection with other circumstances as tending to show claim of title. *Sessoms v. McDonald,* 237 N.C. 720, 75 S.E. 2d 904; *Perry v. Alford,* 225 N.C. 146, 33 S.E. 2d 665; *Pasley v. Richardson,* 119 N.C. 449, 26 S.E. 32; *Ellis v. Harris,* 106 N.C. 395, 11 S.E. 248. These assignments of error are overruled.

The eighth assignment of error is based on the exception to the allowance of S. L. Corbett's motion for judgment as of nonsuit.

In connection with this assignment of error we deem it appropriate to consider the character and effect of the deed executed by Addie O. Corbett to J. C. Corbett. In the first place, this Court has held that there is an effective delivery of a deed when the grantor causes the instrument to be recorded, notwithstanding the grantee knew nothing of its execution or of its having been filed of record. *Buchanan v. Clark,* 164 N.C. 56, 80 S.E. 424; *Robbins v. Rascoe,* 120 N.C. 79, 26 S.E. 807, 36 L.R.A. 238, 58 Am. St. Rep. 774; *Phillips v. Houston,* 50 N.C. 302.

Where a deed is executed and recorded, it is presumed that the grantee therein will accept the deed made for his benefit. This is so, although the transaction occurs without the grantee's knowledge. Such presumption will prevail in the absence of evidence to the contrary. *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316; *Buchanan v. Clark, supra; Robbins v. Rascoe, supra;* 16 Am. Jur., Deeds, section 389, page 658.

Heirs cannot attack the deed of an ancestor except for fraud or undue influence in securing the execution thereof. *Gadsby v. Dyer,* 91 N.C. 311. There is no allegation of fraud or undue influence pleaded in this proceeding.

Moreover, the deed from S. O. Worthington and wife to S. L. Corbett would constitute color of title if it be conceded, which it is not, that the foreclosure pursuant to which S. O. Worthington obtained his deed to the premises was defective or even void. *Trust Co. v. Parker,* 235 N.C. 326, 69 S.E. 2d 841; *Garner v. Horner,* 191 N.C. 539, 132

S.E. 290; *Best v. Utley*, 189 N.C. 356, 127 S.E. 337; *Whitten v. Peace*, 188 N.C. 298, 124 S.E. 571.

The appellants contend that Addie O. Corbett was in possession of the lands involved herein until her death in 1947. However, in our opinion, since she conveyed the lands to her son, J. C. Corbett, in 1921, and caused the deed to be duly filed of record, the circumstances and character of her possession under the facts disclosed on this record were not such as to re-establish title in her, and we so hold. Consequently, the only person in a position to attack the foreclosure pursuant to which S. L. Corbett now holds title, was J. C. Corbett. Even so, since he acquiesced in the foreclosure and the execution by S. L. Corbett of the deeds of trust to W. O. McGibbony, Trustee for the Land Bank and the Bank Commissioner, by accepting the major portion of the proceeds derived from said loans in settlement of a lien against the lands held by him as assignee, he is estopped from attacking S. L. Corbett's title.

We have carefully examined the remaining exceptions and assignments of error and in our opinion no prejudicial error has been made to appear that would warrant a reversal of the judgment entered below. The ruling of the court below on the motion for judgment as of nonsuit is

Affirmed.

MOORE, J., took no part in the consideration or decision of this case.