The affidavit was in substance as follows:
"1. In __________, 189__, plaintiff, acting as agent for the Lane Manufacturing Company, contracted with said White to sell him a (104) Lane Manufacturing Company sawmill, No. __, with uprights opening 36 inches and taking a 56-inch saw, for the price of _____.
"2. That under said agreement said plaintiff and the Lane Manufacturing Company shipped to said White the mill now in controversy in this action, representing same to be of the dimensions and capacity above set forth, and said White immediately executed his notes according to the terms of said contract, giving said Bennett, trustee for the Lane Manufacturing Company, a lien, or deed of trust, on said mill to secure the payment of said notes.
"3. That under and by virtue of said lien, or deed of trust, this action is brought by plaintiff.
"4. That when said mill was put together for work said White discovered that said mill was not according to the contract; that it was of smaller capacity and dimensions, being with uprights only 32 inches and taking only a 54-inch saw; said White at once notified said Bennett *Page 75 
and said Lane Manufacturing Company of their violation of the contract. They promised at all times to make good the damages sustained by White by reason of their noncompliance with said contract.
"5. That White has paid all of said notes except about $75, they promising to correct the matter of noncompliance.
"6. That by reason of said breach of warranty and violation of their contract said White has been damaged to an amount larger than the sum due under said notes, to-wit, $150, being the difference between the mill contracted for and the one shipped.
"7. That said White afterwards sold said mill to defendant, Shelton, with warranty of title, who has same in his possession.
"8. That said White has an interest in the controversy and (105) is a necessary party to a complete settlement of the matter."
The plaintiff should have had his exception to the order making an additional party noted in the record, so that if he has suffered detriment thereby (which can rarely be the case) the order may be reviewed on appeal from the final judgment, should it go against him. The appeal is premature and must be dismissed. Lane v. Richardson, 101 N.C. 181; Emry v. Parker,111 N.C. 261.
Appeal dismissed.
Cited: Bernard v. Shemwell, 139 N.C. 447; Spruill v. Bank, 163 N.C. 45;Joyner v. Fibre Co., 178 N.C. 635.
(106)