GEORGE R. GAMMON v. JORDAN W. JOHNSON et al.

(Decided February 27, 1900.)

*Mortgage—Judgment   Creditor—Foreclosure—Parties—In-
cumbrancers—Appeal.*

1. Incumbrancers, prior or subsequent, by mortgage or judgment lien
   should generally be made parties in a proceeding for foreclosure,
   their liens being transferred by the sale from the corpus to the
   fund arising from the sale, in the order of priority, with the
   right to assert any credits to which it may be entitled, by the
   receipt of rents and profits, cutting of timber, or in other ways,
   before distribution.

2. Subsequent incumbrancers, while proper parties for a full and com-
   plete settlement of all liens upon the land, are not necessary par-
   ties, but may be allowed upon petition to come in, and the petition
   need not be verified, as it does not controvert the plaintiff's cause
   of action.

3. An appeal by the plaintiff from an interlocutory order in regard to
   alleged credits is premature—his exception should be entered,
   and appeal taken from the final judgment distributing the fund.

FORECLOSURE PROCEEDINGS instituted by the plaintiff, as
assignee of J. W. Sherrod & Bro., of a note secured by deed
of trust executed by defendant, March 25, 1887, in the sum
of $1,350, with interest from date, at 8 per cent, heard before
*Bowman, J.,* at October Term, 1899, of EDGECOMBE Superior
Court.

The sale had taken place and was reported by the Com-
missioner at the sum of $2,760, as a fair price for the land,
with a recommendation for confirmation.

At this term of the Court, F. S. Royster, administrator of
O. C. Farror, filed a petition for leave to intervene; alleging
that his intestate on October 9, 1891, obtained a judgment

against the defendant for $2,183.92, which is still due, with interest on $1,594.25, at 8 per cent, and that said judgment is the first lien on the proceeds of sale left after paying the mortgage judgment of plaintiff; that the plaintiff after taking his said judgment had cut from the land much valuable mill timber and cord-wood, worth about $500, and had cultivated part of the land for year 1899, and that the mortgage indebtedness should be reduced accordingly.

The prayer of the petition was: That he be allowed a party to this action, and that a statement of all timber, cord-wood and rents taken or received from said land by said plaintiff (be made), and that the surplus of the proceeds of said sale, after paying said judgment reduced as aforesaid, be paid over to petitioner.

From the judgment allowing the petitioner to be made a party, ordering an account of timber, wood and rents, and retaining $650 of the purchase price until further order, the plaintiff excepted and appealed.

*Messrs. J. L. Bridgers,* and *J. R. Gaskill,* for appellants. *Mr. G. M. T. Fountain,* for appellees.

CLARK, J.   In general all incumbrancers, whether prior or subsequent incumbrancers, as well as the mortgagor, should be parties to a proceeding for foreclosure, and judgment creditors as well as mortgagees. *Hinson v. Adrian,* 86 N. C., 61; *LeDuc v. Brandt,* 110 N. C., 289.   This is because the liens, by the sale, are transferred from the *corpus* to the fund into which it is converted, with their respective priorities preserved and to be asserted in the decree for distribution. *Cannon v. Parker,* 81 N. C., 320.   "In effect the lien of a docketed judgment is in the nature of a statutory mortgage"

(*Gambrill v. Wilcox,* 111 N. C., 42), though the judgment conveys no estate in the land. *Baruch v. Long,* 117 N. C., 509.

The lien of the judgment creditor being transferred to the proceeds of sale subject only to the priority of the plaintiff's mortgage, the judgment creditor was a proper party as against the defendant to receive the amount due him out of the surplus after the payment of plaintiff, else such surplus would go into the hands of the defendant, to the destruction of the lien of the judgment creditor, who was also a proper party as against the plaintiff that he might assert the credits which should be charged against the plaintiff by reason of timber cut on the land, since by so doing the surplus to be applied to the judgment, as the second lien, will be swollen. This is not bringing a new cause of action, but it is a necessary step in the just and proper distribution of the fund according to the priorities of the liens upon the land, whose sale produced the fund. The petition set out the judgment creditor's ground for asserting a credit to be charged against the plaintiff, and, if denied, an issue is presented for settlement before the fund is distributed. It is not a debt against the plaintiff, which would be an alien cause of action, but a claim of a larger share in the fund, because of a credit which should be charged against the first lien.

The petition, to be made additional party, does not controvert the cause of action set up in the plaintiff's complaint, and hence is not required to be verified. Code, secs. 189 and 273. Indeed, upon the facts being made known to the Court in any satisfactory manner, it could, and should *ex mero motu,* have ordered the judgment creditor made a party that there should be a full and complete settlement of the rights of all parties holding liens upon the fund. *Pitt v. Moore,*

GAMMON *v.* JOHNSON.

99 N. C., 85. *Kornegay v. Steamboat Co.,* 107 N. C., 115, and *Williams v. Kerr,* 113 N. C., 306, relied upon by the plaintiff, hold that subsequent incumbrancers, while proper parties, are not necessary parties in all cases.

The appeal is premature, for the facts as to the alleged credit should have been passed upon, and the party against whom it was found might not have appealed. The plaintiff should have entered his exception to the interlocutory order, and have brought up his appeal only from the final judgment distributing the fund, if the disputed credit was found against him.

The point involved in this appeal, however, has been passed upon, as has sometimes been done. *Milling Co. v. Finlay,* 110 N. C., 411; Clark's Code, (3d Ed.), sec. 548. But it must be entered

Appeal dismissed.