BRALEY v. SAMUELS et al. (No. 2123.)

(Court of Civil Appeals of Texas. Texarkana. May 30, 1919. Rehearing Denied June 5, 1919.)

1. BILLS AND NOTES ⬤⟾92(1) — CONSIDERATION.

In action on promissory notes held by innocent purchaser, release of liability on contract, return of earnest money, and loan of money on sale of stock by payee to maker, *held* ample consideration for note.

2. CORPORATIONS ⬤⟾99(2) — ISSUANCE OF STOCK—PAYMENT IN CASH.

Where corporation had authorized capital stock of $20,000, all of which had been paid in money with exception of $5,000, which had been paid for by transfer of land of the reasonable value of that amount, its stock was legally issued.

3. BILLS AND NOTES ⬤⟾370—CONSIDERATION—SALE OF STOCK—INSOLVENCY OF CORPORATION.

That consideration for note was sale of stock in corporation which subsequently became insolvent would not be a defense, especially where the note was in the hands of an innocent purchaser for value.

4. PLEADING ⬤⟾111—PLEA OF PRIVILEGE—DETERMINATION.

Where defendant in an action filed a cross-action against other parties who filed a plea of privilege, and plaintiff pleaded misjoinder of causes by reason of such cross-action, and plea of privilege was properly sustained, but plea of misjoinder was not sustained, the cross-action should not have been dismissed, but should have been transferred to proper county for trial.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action on note by Joseph Samuels against W. E. Braley, in which defendant filed cross-action against A. Hicks and another. From a judgment for plaintiff on note and judgment dismissing cross-action on plea of privilege, defendant Braley appeals. Judgment affirmed in main action, but reversed as to dismissal of cross-action, which is ordered to be transferred to proper county for trial.

Clark & Sweeton, of Greenville, for appellant.

Dinsmore, McMahon & Dinsmore, of Greenville, Simpson, Lasseter & Gentry, of Tyler, and J. J. Eckford, of Dallas, for appellees.

LEVY, J. Appellee Joseph Samuels brought the suit against W. E. Braley, appellant, to recover upon certain promissory notes aggregating $3,000, executed by W. E. Braley and payable to the order of the Webb Press Company, Limited, of Minden, La. The defendant, Braley, answered by a denial and special plea in avoidance that the notes sued on were without consideration and void, in that they were given for shares of stock of $2,500, which were illegally issued by the Smith County Compress Company, and in the renewal or substitution of another note for $500 which had been given for stock illegally issued by the said corporation. The defendant, Braley, also filed a cross-action for damages against A. Hicks and Howard Hicks of Smith county, Tex., alleging, in substance, that at the instance of A. Hicks the said W. E. Braley joined him and his son Howard Hicks in the organization of the Smith County Compress Company, a corporation, and that as between the parties the corporation was illegally organized, and that the notes sued on, though payable to the Webb Press Company, Limited, were intended to be held as collateral security for indebtedness due it by A. Hicks; that A. Hicks and Howard Hicks assumed complete ownership and control of the property and assets of the Smith County Compress Company, and mismanaged the same, causing bankruptcy, which rendered the entire stock worthless and caused a loss to the said W. E. Braley; that the notes sued on were wrongfully transferred to plaintiff Samuels, for the purpose of seeking a recovery by suit through him as an innocent purchaser, causing damage to the said W. E. Braley. A. Hicks and Howard Hicks filed pleas of privilege to be sued in the county of their residence. This plea was contested by the appellant, Braley.

The case was tried before a jury, and at the conclusion of the evidence the court peremptorily directed the jury to find: (1) In favor of the plea of privilege of A. Hicks and Howard Hicks; and (2) in favor of appellee Samuels for the amount of the notes sued on.

[1-3] The first assigned error is upon the ruling of the court peremptorily directing the jury to return a verdict in favor of the plaintiff Samuels for the amount of the notes sued on. It is believed that there was no error, and that the assignment should be overruled. The evidence showed that the defendant, W. E. Braley, executed the eight promissory notes sued on, payable to the order of the Webb Press Company, Limited, of Minden, La., and that the appellee, Joseph Samuels in the due course of trade paid a valuable consideration for the notes. The Webb Press Company, Limited, sold to W. E. Braley 25 shares of stock in the Smith County Compress Company which had been subscribed and paid for by A. Hicks, and was held by the

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Webb Press Company, Limited, with other stock of A. Hicks, to secure a loan made by said Webb Press Company, Limited, to A. Hicks. The Webb Press Company, Limited, at the same time made an advancement to W. E. Braley of $500, which sum of money was applied to the payment of certain stock subscribed by one T. E. Craig. The particular stock of T. E. Craig at that time was unissued and unpaid for. It appeared further that the Webb Press Company, Limited, released W. E. Braley from a contract that appellant then had with the Webb Press Company, Limited, to buy a press for $23,500, and surrendered $2,000 earnest money which W. E. Braley had deposited as a forfeit for the faithful carrying out of this contract. All of the above was, according to the undisputed evidence the consideration for the notes sued on. The Smith County Compress Company had an authorized capital stock of $20,000, divided into 200 shares of the par value of $100 each. The affidavit accompanying the application for the charter of the Smith County Compress Company showed, among other things, the following:

"That the amount subscribed by each and the amount paid in by each is as follows: A. Hicks, amount subscribed $15,000, amount paid $15,000. Howard Hicks, amount subscribed $2,500, amount paid $2,500. Thos. E. Craig, amount subscribed $2,500, amount paid $2,500. That the above subscriptions were paid as follows: That all of said subscriptions were paid in cash, with the exception that $5,000 of the amount subscribed by A. Hicks, of Tyler, Tex., is paid by transferring to said corporation a certain block or parcel of land situated in Tyler, Smith county, Tex., which land is to be used as a site for the compress company, and which said land is of fair and reasonable cash value of $5,000."

The evidence shows the stock was paid for in money. The issuance of the stock would not therefore be illegal. As the evidence shows that the notes sued on were given to the Webb Press Company, Limited, for a valuable consideration, the subsequent insolvency of the Smith County Compress Company would not be a defense to their payment by W. E. Braley, especially as the evidence shows without dispute that the appellee purchased the notes in good faith for a valuable consideration.

[4] The second assignment predicates error in sustaining the plea of privilege of A. Hicks and Howard Hicks, and in dismissing the cross-action against them. It is believed that the alleged cross-action and the evidence in support thereof presented a suit triable only in the county of the residence of said defendants Hicks. And it is concluded that there was no issue made for the jury in that respect. The court properly sustained the pleas of venue but should have transferred the suit, as to the cross-action, to Smith County. Article 1832, Vernon's Sayles' Stat. The fact that the appellee Samuels pleaded a misjoinder of causes of action and parties by reason of appellant's cross-action against the Hickses would not warrant upholding the ruling of dismissal; for the court did not sustain the plea of misjoinder, and only granted the plea of venue expressly upon the ground of venue.

The judgment is affirmed as to the suit of the appellee Samuels against appellant; but the judgment as to dismissal of the cross-action of appellant against A. Hicks and Howard Hicks is reversed, and that particular cause is remanded, with instructions to transfer such cause to the district court of Smith county for trial.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
†Rehearing denied.