LYDIA S. McPHERSON v. MARY FRANCES MORRISETTE AND LUCIAN MORRISETTE, DEFENDANTS, AND F. T. HORNER, ADMINISTRATOR OF THE ESTATE OF O. E. McPHERSON, INTERVENOR.

(Filed 29 February, 1956.)

**Appeal and Error § 2—**

Appeal from the order in this case allowing a party to intervene dismissed as premature.

APPEAL by defendants from *Morris, J.,* at December 1955 Term, of PASQUOTANK.

Civil action by plaintiff, widow of O. E. McPherson, deceased, for judgment for money in certain sum and for the possession of certain securities in possession of defendants and for an accounting for rents received.

*Feme* defendant, daughter of O. E. McPherson, deceased, and her husband and co-defendant, filed answer, setting forth in substance a denial of the allegations of the complaint, and pray that they go hence without day, etc.

Thereafter F. T. Horner, Administrator of the estate of O. E. McPherson, deceased, petitioning the court, prayed permission to intervene in the action for the protection of the estate,—setting forth, upon information and belief, that a large portion of the property involved in this action is rightfully the property of the estate of O. E. McPherson, to which petitioner as administrator is entitled.

The court allowed the petition and granted petitioner time in which to file "such pleading, or pleadings," as he may be advised.

Defendants excepted to the order and appeal to Supreme Court and assign error.

*John H. Hall for Intervenor Appellee.*
*LeRoy & Goodrich for Defendants, Appellants.*

PER CURIAM. This appeal, as in the case of *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231, falls under the ban of "the general rule that ordinarily an order allowing a motion for the joinder of an additional party is not appealable." In consequence, it must be dismissed.

Appeal dismissed.