**THIRTY–SEVEN HUNDRED CORPORA-TION, INC., Appellant,**

**v.**

**Jamye DUGAS et al., Appellees.**

**No. 16389.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 5, 1974.

Rehearing Denied Jan. 9, 1975.

J. P. Madole, Jr., Pasadena, for appellant.

William B. Jeter, Houston, for appellees.

EVANS, Justice.

This is an appeal from a take nothing judgment entered in a non-jury trial against Thirty-Seven Hundred Corp., Inc. on its cross-action seeking indemnification against third party defendant, Boyce Fuller.

This suit was brought by Earline Dugas, Individually and as Independent Executrix of the Estate of John Allen Dugas and Robert H. Zoda, Jr. as Administrator with Will Annexed of the Estate of John Allen Dugas, against Fred M. Caulder and Thirty-Seven Hundred Corp., Inc. to recov-

er on a promissory note dated January, 1971 in the principal amount of $13,000.00. Thirty-Seven Hundred Corp., Inc. then filed cross-action against Caulder and Fuller based upon a written indemnification agreement. During the pendency of suit, Caulder received a discharge in bankruptcy and was dismissed as a party to the action and an interlocutory summary judgment was entered against Thirty-Seven Hundred Corp., Inc. in the amount of $6,756.48 representing two-thirds of the outstanding balance on the note, plus interest and attorney's fees. The trial court subsequently entered a final judgment dismissing Fuller with prejudice, finding, as a matter of law, that the indemnity agreement was unenforceable to compel Thirty-Seven Hundred Corp., Inc. to transfer to Fuller the consideration for the agreement and that the agreement was likewise unenforceable as an indemnity agreement by Thirty-Seven Hundred Corp., Inc. against Fuller.

In January, 1971 Jamye Dugas and Earline Dugas, Individually and as Independent Executrix of the Estate of John Allen Dugas, Deceased, owned all of the outstanding stock of Quartz & Dugas, Inc., a Texas corporation engaged in the intrastate trucking business. Fred Caulder desired to purchase the stock of Quartz & Dugas and to enable Caulder to purchase the stock, Thirty-Seven Hundred Corp., Inc. advanced $2,000.00 as a down payment and co-signed with Caulder the $13,000.00 promissory note. The note provided for repayment in 26 monthly installments of $500.00 each, the first being due and payable on or before March 15, 1971, and that payment was secured by the stock purchased. As consideration for making the cash down payment and extending its credit, Thirty-Seven Hundred Corp., Inc. was to receive a one-third share of the stock purchased by Caulder. However, stock certificates were never issued or transferred to Thirty-Seven Hundred Corp., Inc. and the stock remained in the possession of the payees of the note as security for its payment.

Subsequently Boyce Fuller became associated with Caulder in the trucking business of Quartz & Dugas, Inc. and by written agreement dated October 18, 1971, these parties agreed:

(a) that they would assume "any and all obligations, either past or future, of Thirty-Seven Hundred Corp., Inc. in connection with the ownership and/or operation of Quartz & Dugas, Inc.; . . ."

(b) that they would substitute themselves as guarantors for Thirty-Seven Hundred Corp., Inc. "for any and all liabilities and debts" which Thirty-Seven Hundred Corp., Inc. might be responsible for in connection with the above, including but not limited to the $13,000.00 promissory note;

(c) that they would hold Thirty-Seven Hundred Corp., Inc. harmless against "any and all claims, suits or otherwise" which might be brought against it in connection with the operation "either past or future" of Quartz & Dugas, Inc. The written agreement recited that it was supported by $10.00 "and other and further consideration" but the evidence reflects the real consideration was the obligation of Thirty-Seven Hundred Corp., Inc. to transfer to Fuller and Caulder its right to a one-third share of the stock of Quartz & Dugas, Inc.

In one point of error, Thirty-Seven Hundred Corp., Inc. asserts the trial court erred in concluding as a matter of law that the indemnity agreement was unenforceable by Fuller to compel Thirty-Seven Hundred Corp., Inc. to transfer the Quartz & Dugas, Inc. stock to Fuller and that the agreement was likewise unenforceable as an indemnity agreement by Thirty-Seven Hundred Corp., Inc., against Fuller.

The basic question for our determination, as suggested by the briefs of both parties, is whether the trial court properly determined the indemnity agreement to be unenforceable by Fuller due to the fact that the stock in question was retained in the posses-

sion of the payees of the note as security for its payment.

■ The nature of the consideration for the indemnity agreement of Caulder and Fuller was shown by the undisputed testimony of Caulder and C. E. Leslie, the Secretary of Thirty-Seven Hundred Corp., Inc., who were present at the time of the transaction. While Fuller testified he had not read the indemnity agreement and that he had an understanding different from that testified to by Caulder and Leslie as to the reason for the making of the indemnity agreement, he did not deny that he executed the agreement. Fuller was, therefore, charged with notice of the contents of the indemnity agreement and he must be deemed to have understood its terms. Aetna Insurance Co. v. Malacord & Son, 45 S.W.2d 232 (Tex.Civ.App.—Fort Worth 1931, no writ).

After the execution of the indemnity agreement, Thirty-Seven Hundred Corp., Inc. had no further involvement with Quartz & Dugas, Inc. and exclusive control over its corporate operations was exercised by Caulder and Fuller until its trucks were subsequently repossessed.

■ It is Fuller's argument that since all the stock in Quartz & Dugas, Inc. was pledged as security for the payment of the promissory note it was impossible for the Thirty-Seven Hundred Corp., Inc. to transfer its designated share of such stock to Caulder and Fuller and that there was, therefore, a failure of consideration for the indemnification. We cannot agree.

The fact that Thirty-Seven Hundred Corp., Inc. had no right to obtain possession of its shares of such stock until the note was paid or the stock otherwise was released by the payees of the note, did not impair its right to indemnification under the contract. Restatement, Law of Contracts, Sec. 283, pp. 420–21. There is no showing that Thirty-Seven Hundred Corp., Inc. failed or refused to take any action required of it with respect to the transfer of such stock and it was not impossible for Thirty-Seven Hundred Corp., Inc. to perform its obligation constituting the consideration for the indemnity agreement.

The agreement of Caulder and Fuller to indemnify Thirty-Seven Hundred Corp., Inc. was based upon a valid legal obligation and the fact that specific performance of such obligation might not be enforced in equity does not mean the obligee would be without remedy.

"The law does not require mutuality of remedy as an essential element of a binding executory contract. It is mutuality of obligation which the law requires. 13 C.J. 327, 331." Hufstutler v. Grayburg Oil Co., 48 S.W.2d 591 (Tex.Com.App., 1932).

■ We further hold that the consideration did not fail by reason of the fact that the assets of Quartz & Dugas, Inc. may have subsequently depreciated in value. Braley v. Samuels, 213 S.W. 684 (Tex.Civ.App.—Texarkana 1919, writ dism'd); Langben v. Goodman, 275 S.W. 841 (Tex.Civ.App.—Galveston 1925, writ dism'd).

■ Fuller further argues that no demand was made upon him for payment of the note by Thirty-Seven Hundred Corp., Inc. until after this suit was filed. While the parties might have made reasonable stipulation in the indemnity agreement requiring the giving of notice as a condition precedent to the right to sue, they chose not to do so and Thirty-Seven Hundred Corp., Inc. was not required to give notice or make demand prior to the filing of its cross-action. See Article 5546, Vernon's Tex.Rev.Civ.Stat.Ann.; Monical & Powell, Inc. v. Bechtel Corporation, 404 S.W.2d 911, 915 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.).

We reverse that portion of the trial court's judgment dismissing appellee Boyce Fuller with prejudice and order judgment rendered that appellant, Thirty-Seven Hundred Corp., Inc. recover judgment against appellee Boyce Fuller for the amount of

the judgment awarded the plaintiffs against said appellant, to wit: the sum of $10,134.77, plus 10% attorney's fees, interest and court costs. In all other respects the judgment of the trial court is affirmed.