C. THOMAS WOOD, J. P. RIDDLE, AS OWNERS AND LESSEES UNDER LONG-TERM
    LEASE, AND DONALD CRAIG HARRIS, TENANT, ON BEHALF OF THEMSELVES AND
    ALL OTHER PROPERTY OWNERS AND TENANTS OF THE CAMBRIDGE ARMS APART-
    MENTS, COUNTY OF CUMBERLAND, STATE OF NORTH CAROLINA, SIMILARLY
    SITUATED, PLAINTIFFS v. CITY OF FAYETTEVILLE, NORTH CAROLINA,
    AND THE CITY COUNCIL OF SAID CITY, SAID COUNCIL CONSISTING OF BETH D.
    FINCH, MAYOR, AND J. L. DAWKINS, VINCENT H. SHIELDS, STEVEN R.
    SATISKY, L. EUGENE PLUMMER, MARION C. GEORGE, JR. AND MARIE
    W. BEARD, COUNCIL, DEFENDANTS JOHN M. MONAGHAN, JR. AND
    THOMAS M. McCOY INDIVIDUALLY, AND JOHN M. MONAGHAN, JR. AND
    THOMAS M. McCOY ON BEHALF OF THEMSELVES AND ALL OTHER CITIZENS,
    RESIDENTS, AND TAXPAYERS OF THE CITY OF FAYETTEVILLE, CUMBERLAND COUNTY
    AND STATE OF NORTH CAROLINA, SIMILARLY SITUATED, INTERVENORS DEFENDANTS

No. 7712SC166

(Filed 4 April 1978)

**Appeal and Error § 6.4— order permitting intervention of parties— no immediate
appeal**

> No appeal lies from an order permitting the intervention of parties where
> the order did not adversely affect a substantial right which the appellant may
> lose if not granted an appeal before final judgment.

APPEAL by plaintiffs from *Herring, Judge.* Judgment entered
19 October 1976, in Superior Court, CUMBERLAND County. Heard
in the Court of Appeals 18 January 1978.

The plaintiff appellants have appealed from the 19 October
1976 order of the trial court permitting intervention in this action
by the intervenor defendant appellees as representatives of a
class pursuant to G.S. 1A-1, Rule 23 and Rule 24. The plaintiffs
contend that the interlocutory order allowing intervention
adversely affects their substantial rights and may be appealed
prior to a final disposition of the action on its merits.

On 26 May 1976, the defendants, the City Council of the City
of Fayetteville, passed Annexation Ordinance Number 173 which
purported to annex an area known as the Cambridge Arms Apart-
ments. On 4 June 1976, the plaintiffs brought an action alleging
that Section 2 of Chapter 1058 of the 1969 Session Laws of North
Carolina [hereinafter "Section 2"] provides that the annexation of
any given area in Cumberland County by the City of Fayetteville
may be halted by the filing of a petition in opposition to annexa-
tion signed by a majority of the registered voters residing within
the area. It is further alleged in the complaint that, prior to the

passage of the annexation ordinance, the plaintiffs presented a petition in opposition to annexation and, thereby, complied with the requirements of Section 2. The plaintiffs contend the annexation ordinance was in direct violation of Section 2 and, therefore, unlawful and void. The plaintiffs sought both declaratory and injunctive relief.

On 12 July 1976, the defendants filed an answer in which they raised, among other defenses, the alleged unconstitutionality of Section 2 under several sections of both the Constitution of the United States and the Constitution of North Carolina. On 13 July 1976, the intervenor defendants filed a motion to intervene. On 2 August 1976, the plaintiffs filed a motion to strike that portion of the original defendants' answer alleging the unconstitutionality of Section 2. On 3 August 1976, the plaintiffs filed their response in opposition to the motion for intervention.

On 19 October 1976, the trial court entered an order granting the motion of the intervenor defendants to intervene both as a matter of right and as a matter in the discretion of the trial court. The order also provided that the intervenor defendants were permitted to intervene on behalf of themselves and a class constituted of all others similarly situated. It additionally provided that the proposed answer of the intervenor defendants, which was attached to the motion of 13 July 1976 and raised the defense of unconstitutionality, be deemed as filed on 19 October 1976. The plaintiffs gave notice of appeal and seek to have us review the validity of the entire order of 19 October 1976.

On 21 October 1976, the trial court entered an order granting the plaintiffs' motion to strike the constitutionally based defense from the answer of the original defendants. The original defendants gave notice of appeal but failed to perfect the appeal, and it is not before us for consideration.

*Rose, Thorp, Rand & Ray, by Herbert H. Thorp and Ronald E. Winfrey, for plaintiff appellants.*

*Clark, Clark, Shaw & Clark, by John G. Shaw, for intervenor defendant appellees.*

MITCHELL, Judge.

At the outset, we must determine whether an appeal will lie from the interlocutory order of 19 October 1976 granting the mo-

tion to intervene. It has long been the general rule in this jurisdiction that an order granting the right of intervention is not appealable, as any of the original parties may appeal from an adverse decision granting the intervenor relief on the merits. *Bennett v. Shelton,* 117 N.C. 103, 23 S.E. 95 (1895). Obviously the rule was based upon the fact that, in such situations, procedural economy commands that an appeal be permitted only from a final adverse decision. It is equally obvious that an order granting intervention may be reviewed upon appeal from the final judgment in the cause. *Gammon v. Johnson,* 126 N.C. 64, 35 S.E. 185 (1900); *Bennett v. Shelton,* 117 N.C. 103, 23 S.E. 95 (1895).

Although the rule is not absolute, ordinarily no appeal will lie from an order permitting intervention of parties unless the order adversely affects a substantial right which the appellant may lose if not granted an appeal before final judgment. *Simon v. Board of Education,* 258 N.C. 381, 128 S.E. 2d 785 (1963); *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231 (1952); *McPherson v. Morrisette,* 243 N.C. 626, 91 S.E. 2d 574 (1956) (per curiam); Annot., 15 A.L.R. 2d 336 (1951). The rule applies with equal vigor without regard to whether the trial court grants a motion to intervene as a matter of right pursuant to G.S. 1A-1, Rule 24(a) or as permissive intervention pursuant to G.S. 1A-1, Rule 24(b). Both the general rule and the exception have been approved in substance and adopted by the General Assembly in G.S. 7A-27(d)(1) and G.S. 1-277.

The plaintiffs contend that the order permitting intervention denied them a substantial right in that they will now be required to defend the constitutionality of Section 2. They contend they would not have been required to defend the constitutionality of Section 2 had the trial court denied the motion to intervene. We note, however, that when the order permitting intervention was granted, the constitutional issues had been raised as a defense by the original defendants in the case. Clearly, at that point, permitting the intervention of other parties defendant who raised the constitutional defense did not change the nature of the action or affect a substantial right of the plaintiffs. It was only later that the trial court ordered that defense stricken from the answer of the original defendants.

Assuming *arguendo* that the trial court's order permitting intervention was the sole method by which the constitutional

defense was raised, however, we do not find it adversely affected a substantial right which the plaintiffs may lose if the order is not reviewed before final judgment. The assignments and contentions the plaintiffs seek to present on interlocutory appeal will not be lost and may be thoroughly reviewed upon appeal from the final judgment if necessary. *Gammon v. Johnson*, 126 N.C. 64, 35 S.E. 185 (1900). Under the circumstances of this case, the plaintiffs have shown no prejudice which would warrant an appeal, and we order the

Appeal dismissed.

Judges MORRIS and CLARK concur.