LANDMARK AMERICAN
INSURANCE COMPANY,
Appellant,

v.

PACCAR, INC., Respondent.

No. ED 82374.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 22, 2003.

Joseph P. Sommer, St. Louis, MO, for appellant.

Reed W. Sugg, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

The appellant Landmark American Insurance Company appeals the order sustaining the respondent Paccar, Inc.'s motion to dismiss and dismissing Counts I and II of the appellant's petition with prejudice. We dismiss the appeal for lack of a final judgment.

On February 4, 2002, the appellant filed a petition against the respondent to recover damages. One of the appellant's insureds, Butler Trucking, owned a 1998 Peterbilt tractor that burst into flames and was destroyed. Butler filed a claim with the appellant and the appellant paid it $62,500 for the total loss of the tractor. The appellant alleged in its petition that the fire was caused by the negligence of the respondent due to a design flaw in the fuel line.

In its second amended petition, which was later amended by interlineation, the appellant separated its suit into three separate counts. The appellant made the same general allegations about the loss of the tractor, its payment to Butler, and that it was subrogated to the rights of Butler against the respondent. In Count I, the appellant sought to recover $62,500 in damages under a strict liability theory, alleging the tractor was in a defective and unreasonably dangerous condition when Butler purchased it. In Count II, the appellant sought to recover $62,500 in damages under a simple negligence theory, alleging the respondent breached its duty to protect Butler from the foreseeable dangerous risks associated with the purchase and use of the tractor. In Count III, the appellant alleged breach of implied warranty of merchantability under section 400.2–104(1), RSMo, contending the tractor was not fit for the ordinary purposes for which it was meant to be used. Again, the appellant sought $62,500 in damages. Each of the individual counts incorporated the same general allegations. Count II also incorporated the allegations of Count I, and Count III incorporated the allegations of both Counts I and II.

The respondent filed a motion to dismiss Counts I and II of the second amended petition. The respondent contended that Missouri law did not allow parties to recover economic losses under theories of strict liability or negligence. Since the appellant sought only property damage to the tractor and did not allege personal injury or damage to other property, the respondent contended that Counts I and II should be dismissed with prejudice.

On December 11, 2002, the trial court entered an order sustaining the respondent's motion to dismiss Counts I and II. The court certified the matter for appeal under Rule 74.01(b). The order stated:

> The defendant's motion to dismiss Counts I and II is called and heard. The court sustains the defendant's motion to dismiss. The court orders and enters judgment dismissing Counts I and II with prejudice. The court further finds that there is no just reason for delay in entering this order.

The appellant appealed.

Whether raised by the parties or not, this Court has a duty to determine

whether it has jurisdiction *sua sponte.* *Fischer v. City of Washington,* 55 S.W.3d 372, 377 (Mo.App. E.D.2001). To have jurisdiction, there must be a final, appealable judgment. *Id.* An appealable judgment resolves all the issues in the case but, if it does not, then this Court is without jurisdiction to consider the appeal. *Id.*

An exception to the final judgment rule exists under Rule 74.01(b) for cases involving multiple claims. Under that rule, a trial court may certify a partial judgment on fewer than all claims for appeal by finding there is "no just reason for delay." *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). Here, the trial court did certify "there is no just reason for delay." However, the trial court's certification under Rule 74.01(b) is not conclusive. *Id.* Although the trial court is given wide latitude in certifying for appeal under Rule 74.01(b), " 'where the circumstances of the case and the judgment entered are wholly inconsistent with a finding of 'no just reason for delay,' a finding to that effect by a trial court is an abuse of discretion.' " *Lynch v. Lynch,* 966 S.W.2d 345, 347 (Mo.App. E.D.1998), *quoting Committee for Educ. Equality v. State,* 878 S.W.2d 446, 453 (Mo. banc 1994).

To determine whether Rule 74.01(b) certification is proper, a four-factor test is applied: (1) whether the action remains pending in the trial court as to all parties; (2) whether similar relief can be awarded in each separate count; (3) whether the determination of the claims pending in the trial court would moot the claim being appealed; and (4) whether the factual underpinnings of all claims are intertwined. *Nooney v. NationsBank, N.A.,* 996 S.W.2d 783, 787–88 (Mo.App. E.D. 1999).

In the case at hand, the four-factor test forecloses certifying the case for appeal. First, the action remains pending in the trial court as to all parties. Second, similar relief can be awarded on each separate count. Third, the determination of Count III, still pending in the trial court, could moot the claims being appealed. Each of the counts alleged seeks recovery for the same amount of damages under an alternative theory. Regardless of the number of claims asserted, the appellant would be entitled to only one recovery. If the appellant recovers its $62,500 under Count III, any decision we would render on Counts I and II would be moot. Fourth, all of the counts arise from the same set of operative facts. Each of the counts expressly incorporate the same set of general facts and are plainly intertwined. Accordingly, the trial court abused its discretion in certifying its order for appeal under Rule 74.01(b).

In addition, a Rule 74.01(b) designation is only effective if the order disposes of a distinct judicial unit. *Gibson,* 952 S.W.2d at 244. An order dismissing some of several alternative counts, each stating one legal theory to recover damages for the same wrong, is not a distinct judicial unit and is thus, not an appealable judgment while the other counts remain pending. *Id.* As stated above, this case simply involves several alternative theories to recover for the same damages. Under such a case, certification under Rule 74.01(b) is improper.

We issued an order directing the appellant to show cause why this appeal should not be dismissed. The appellant conceded that its three counts seek recovery for the same damages under alternative theories. Yet, the appellant argues that to require it to appeal the trial court's order after trial would be "oppressive, costly and a waste of judicial time." To the contrary, this appeal itself constitutes a waste of judicial time. If the appellant

prevails on Count III at the trial court, then this appeal would be moot. "The final judgment rule is based on the belief that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court." *Blechle v. Goodyear Tire & Rubber Co.*, 28 S.W.3d 484, 486 (Mo.App. E.D.2000). The law prudently prohibits piecemeal appeals wherein an appeal could be a complete waste of judicial resources and time.

We dismiss the appellant's appeal without prejudice for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.