John Richard BROOKSHIRE, by and through his conservator, Susan BROOKSHIRE, and Susan Brookshire, individually, Plaintiffs–Appellants,

v.

Jacy RETZ, M.D., Staff Care, Inc., and Freeman Health System, Defendants–Respondents.

Snyder Construction Company and St. Paul Fire & Marine Insurance Company, Intervenors–Respondents.

No. 25589.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 19, 2003.

---

Edward J. Hershewe, Daniel Robert Defoe, The Hershewe Law Firm, P.C., Joplin, for appellants.

Robin L. Bullock, Jeffrey W. Laney, Haden, Cowherd, Bullock & McGinnis, LLC, Springfield, for intervenors/respondents.

Before PARRISH and SHRUM, JJ., and RAHMEYER, C.J.-P.J.

PER CURIAM.

John and Susan Brookshire ("Plaintiffs") brought a medical malpractice suit against some of John's health care providers.[1] This appeal by Plaintiffs is from a judgment, purportedly entered pursuant to Rule 74.01(b), that allowed Snyder Construction ("Snyder") and its workers' compensation carrier, St. Paul Fire and Marine Insurance Company ("St.Paul"), to intervene in Plaintiffs' suit.[2] Because the trial court lacked authority to certify its order as a final judgment under Rule

---

1. When referring to John and Susan Brookshire collectively, we call them "Plaintiffs," but when referring to them individually, we shall use only their first names. We intend no disrespect.

2. All rule references are to Supreme Court Rules (2003), unless otherwise indicated.

74.01(b), no final, appealable judgment exists; consequently, this court is without jurisdiction to consider the appeal. Appeal dismissed.

## FACTS

John worked for Snyder when he was injured on the job, and subsequently, he received workers' compensation benefits paid by St. Paul.[3] He was treated for this injury by Dr. Jacy Retz, Freemen Health System, and Staff Care, Inc. ("Defendants"). Plaintiffs sued Defendants and alleged they were negligent in their care and treatment of John while he was their patient, and as a result of this negligence, John suffered permanent brain damage.[4]

Snyder and St. Paul sought to intervene in the suit pursuant to section 287.150 and Rule 52.12(a), Supreme Court Rules (2002).[5] The court entered an order allowing intervention, via a docket entry. Plaintiffs then filed a motion that requested the court to certify the order as a final judgment under Rule 74.01(b), Supreme Court Rules (2002), "specifically determining the judgment entry does not dispose of any other claims or parties and making express determination there is no just reason for delay." The court granted Plaintiffs' motion. This appeal followed.

## DISCUSSION AND DECISION

Plaintiffs allege that the trial court erred by granting Snyder's and St. Paul's motion to intervene as a matter of right under Rule 52.12(a). We cannot, however,

address Plaintiffs' claim because we lack jurisdiction to do so.

Although no party has questioned the trial court's authority to certify its judgment as appealable under Rule 74.01(b), this court must determine its jurisdiction *sua sponte. Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo.banc 1997). "This is not a matter of mere technical concern. Judicial integrity and restraint demand it.... To do otherwise is to erode the very foundation of the rule of law." *Committee For Educ. Equality v. State,* 878 S.W.2d 446, 450 (Mo.banc 1994).

To have jurisdiction, there must be a final, appealable judgment, i.e., one resolving all the claims, issues, rights, and liabilities in a case. *Landmark American Ins. Co. v. Paccar, Inc.,* 103 S.W.3d 894, 896 (Mo.App.2003); *Nooney v. Nations-Bank, N.A.,* 996 S.W.2d 783, 787 (Mo.App. 1999). An exception to this finality requirement can be found in Rule 74.01(b). *Id.* In pertinent part, the rule provides:

> "When more than *one claim for relief* is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." (Emphasis supplied.)

The "express determination" by a judge that an order is final and appealable, however, is not conclusive. *Gibson,* 952 S.W.2d at 244. "It is the content, sub-

---

**3.** "The Workers' Compensation Law" is contained in § 287.010 *et seq.,* RSMo (2000). All statutory references are to this version of the laws.

**4.** The suit was filed by John through Susan as his conservator and by Susan individually.

**5.** Section 287.150 creates a subrogation interest for employers, in the amount of compen-

sation paid under the workers' compensation law, when a third party is liable for the death or injury of an employee, such as when a physician aggravates the original injury. *Farmer–Cummings v. Future Foam, Inc.,* 44 S.W.3d 830, 837 (Mo.App.2001). Rule 52.12(a) allows anyone to intervene in a suit as a matter of right when certain prerequisites are met.

stance, and effect of the order that determines finality and appealability." *Id.*

■ The Rule 74.01(b) judgment must dispose of a distinct judicial unit, i.e., at least one claim for relief. *Id.; Educ. Equality,* 878 S.W.2d at 450–51. A judicial unit is defined as all legal theories of recovery arising from a single fact situation, and a claim for relief is the aggregate of operative facts giving rise to a right enforceable by a court. *Blechle v. Goodyear Tire & Rubber Co.,* 28 S.W.3d 484, 487 (Mo.App.2000).

■ The trial court attempted to finalize, for purposes of appeal, an interlocutory order granting Snyder and St. Paul the right to intervene in Plaintiffs' negligence suit. This is not a separate claim for relief or distinct judicial unit. It is merely an ancillary issue arising from Snyder's and St. Paul's actual claim under section 287.150, i.e., the right to proceed against a third-party tortfeasor to recover for payments made to John.

■ Under that statute, both the employer (Snyder) and the employee (John) are real parties in interest, and either could bring the suit against the third-party tortfeasor.[6] *State ex rel. Mo. Highway. and Transp. Comm'n v. Copeland,* 820 S.W.2d 80, 82–83 (Mo.App.1991). The "claim" of both Snyder and John is that the Defendants were negligent in rendering medical treatment. *Id.* at 84 (holding employer's claim is derivative of employee's claim). In order to be final, the judgment must resolve the aggregate of operative facts that give rise to a right which is enforceable in the courts. *Educ. Equality,* 878 S.W.2d at 451. Clearly, the judgment resolved only one issue (right of intervention) out "of several issues arising out of the same transaction or occurrence which does not dispose of the claim." *Gibson,* 952 S.W.2d at 244.

■ We note that the *denial* of intervention as a matter of right is appealable. *State ex rel. Reser v. Martin,* 576 S.W.2d 289, 290–91 (Mo.banc 1978). This follows because the adjudication of the intervenor's rights is finally determined, i.e., the entity is not a party to the case and can assert no rights therein. *Id.* This is not the situation when a motion to intervene is *granted.* In *Aversman v. Danner,* 577 S.W.2d 910 (Mo.App.1979), the court held:

"Intervention permitted merely moves the cause forward on the merits with full right reserved at a future date for review on appeal. The decision to permit intervention is in fact interlocutory as any original party adversely affected may appeal a judgment, if any, whereby the intervenor obtains recovery on the merits."

*Id.* at 911.[7] The trial court cannot finalize that which is not considered "final."

---

6. St. Paul, as the employer's insurer, is henceforth included in any reference to Snyder. *See* § 287.030.2.

7. *See also,* E.H. Schopler, Annotation, *Appealability of Order Granting or Denying Right of Intervention,* 15 A.L.R.2d 336, § 2 and § 12 (1951)(recognizing that most courts hold that an order granting the right to intervene is not appealable); *Corning Bank v. Delta Rice Mills, Inc.,* 281 Ark. 342, 663 S.W.2d 737, 738 (1984); *Groendyke Transport, Inc. v. District Court,* 140 Colo. 190, 343 P.2d 535, 537–38 (1959); *Pope v. Pope,* 207 Ga. 240, 60 S.E.2d 376, 377–78 (1950); *Whitefish Credit Union v. Glacier Ranch,* 242 Mont. 471, 791 P.2d 1363, 1365 (1990); *Wood v. City of Fayetteville,* 35 N.C.App. 738, 242 S.E.2d 640, 641 (1978); *Duncan v. Government Employees Ins. Co.,* 331 S.C. 484, 449 S.E.2d 580 (1994); and 4 AM.JUR.2D *Appellate Review* § 154 (1995).

*Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 43 (1st Cir.1988) (citing *Sears, Roebuck and Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956)).[8]

In this case, the claim for relief is the harm caused by the Defendants to John. That claim is unresolved. The *issue* of intervention by Snyder was the only thing determined by the trial court's order. Accordingly, the trial court did not resolve a distinct judicial unit or claim for relief. Therefore, its attempt to finalize the order pursuant to Rule 74.01(b) is unavailing, and this court is without jurisdiction. *Gibson,* 952 S.W.2d at 244–45.

The appeal is dismissed.

---

**8.** The *Spiegel* court examined the federal rule of civil procedure which Missouri adopted in 1988 almost verbatim as Rule 74.01(b). *Educ. Equality,* 878 S.W.2d at 451. As such, federal precedents are persuasive. *Id.* In fact, *Spiegel* has been cited with approval by Missouri courts. *See Id.; Saganis–Noonan v. Koenig,* 857 S.W.2d 499, 501–02 (Mo.App. 1993).